## SANDERS v. CARTER.

1. Where it is alleged in a petition for a rule against an officer that he has levied the plaintiff's fi. fa. upon property of the defendant sufficient to satisfy the plaintiff's lien, and that he has had ample time in which to "make said money and has not done so," a plea by the officer denying each and every paragraph of the petition will not be dismissed on the ground that "it is not an answer to the rule but simply a general denial of the plaintiff's petition."

2. Either an actual or constructive seizure of chattels by an officer will constitute a valid levy upon personalty. But where an officer goes to the residence of a defendant in execution for the purpose of making a levy, and, the defendant being absent, merely requests a member of the latter's family to inform the defendant that he has made a levy upon certain personalty which he has found and left therein, and does nothing else, not even making an entry of the levy upon the writ, there has been no seizure whatever, and hence no valid levy.

3. Where, on the hearing of a rule against a constable for a failure to sell property upon which it is alleged he made a levy, the evidence shows that there has been no valid levy, it is not erroneous for the judge to refuse to admit in evidence testimony tending to identify the specific property upon which the attempted seizure was made.

Submitted December 1, 1905.—Decided January 12, 1906.

Rule. Before Judge Proffitt. City court of Elberton. May 13, 1905.

*Z. B. Rogers*, for plaintiff.

BECK, J. Sanders brought a rule against Carter as constable, for failure to make the money on a levy. The constable in his answer set up a general denial of the facts alleged in the petition. Upon the trial Sanders moved to dismiss the plea, "because it was not an answer to the rule but simply a general denial of the plaintiff's petition." The court overruled the objection, and the plaintiff excepted. The plaintiff traversed the answer, and the case proceeded to trial. Upon the hearing the uncontradicted evidence showed that the constable, in company with the plaintiff and another, went to the house of the defendant in fi. fa. at night, for the purpose of levying upon a quantity of cotton. The defendant was not at home. The plaintiff testified: "Mr. Carter levied on the cotton and told some one of [the defendant in fi. fa.'s] family who was there that he had levied on the cotton and for them to tell Arthur [defendant in execution] when he came. The cotton was not locked up. After the levy Mr. Carter told me that the papers were not in proper shape. He gave them back to me and I took them to Mr. Bond

[justice of the peace], and it was then and for him and in his presence I wrote out the last two lines of the description in the fi. fa. He made no entry of the levy on the fi. fa." The officer left the cotton where he found it. The plaintiff then attempted to prove, by parol evidence, that the cotton alleged to have been levied on was the property described in the mortgage upon which the fi. fa. was issued. The court would not allow the testimony, and entered up judgment discharging the officer from the rule. The plaintiff excepted.

1. The court properly allowed the constable's answer to stand. The plaintiff alleged that there had been a levy, that the property levied upon was sufficient to satisfy his lien, and that the officer had had ample time in which to "make said money and has not done so." In denying each and every allegation of the petition the officer necessarily denied that there had been a levy; and if there was no levy, it follows as a logical sequence that there were no funds in his hands out of which to satisfy the plaintiff's lien. The answer could not be construed as evasive or ambiguous, and the trial judge did not abuse his discretion in not dismissing it.

2. It would seem, from the evidence, that the execution did not contain a sufficient description of the property, and that the constable recognized this deficiency in the fi. fa., and returned it to the plaintiff in order that it might be cured. But whether this irregularity would render the levy a nullity or not it is not necessary to decide; for, under the plaintiff's own testimony, there had been no lawful levy. To constitute a levy there must be a seizure by the officer, either actual or constructive. There was, of course, no actual seizure here; nor was there a constructive seizure. "Actual or constructive seizure, as distinguished from the oral declaration of an officer of an intent to seize or that he had seized property under a writ then in his hands for execution, is essential to the completion of a levy; and hence, the mere appearance of an officer in possession of an execution at a store of the defendant, accompanied by the announcement that he had come to levy upon a stock of goods therein, does not constitute such a seizure as would amount to a levy of the writ then in his hands." *Jones* v. *Howard*, 99 *Ga.* 451. And in that case the court said: "A constructive seizure is accomplished by the actual reduction by the officer of the property intended to be seized to his own control. He must have

brought such property so far under his subjection that he could exercise control over it. . . He must do some act for which he could be successfully prosecuted as a trespasser, if it were not for the protection afforded him by the writ." Had the constable in the case at bar found the defendant in execution at home at the time of the alleged levy, and had the defendant agreed to hold ·the cotton levied upon for the officer, the rule would be different. But where the officer merely went to the house of the defendant in fi. fa. and informed a member of the household that he had levied upon a heap of cotton which he had seen in one of the rooms of the house, and left without seeing the defendant, and did not even make an entry of such "levy" upon the writ, there certainly was not such a seizure as the law requires.

3. From the foregoing it follows that the court below did not err in refusing to admit the testimony offered by the plaintiff to prove. that the property at the house of the defendant upon which the alleged levy was made was the property described in the mortgage upon which the fi. fa. was issued. If the acts of the constable did not amount to a levy, it is immaterial upon what specific property the attempted seizure was made.

> *Judgment affirmed.   All the Justices concur.*