### 8951. Myers *v.* Lee & Company.

WADE, C. J. 1. The testimony of the sheriff was that he had the property within his view and where he could control it, and that he professed to levy and assume control thereof by virtue of the attachment execution, and with the avowed purpose of holding the same to answer the exigencies of the writ under which he acted (*Corniff* v. *Cook*, 95 *Ga.* 61, 66 (22 S. E. 47, 51 Am. St. R. 55)); and though no actual seizure was accomplished by a manucaption of the lumber in question, he testified that he left the lumber there in possession of the defendant Myers, "and asked him to take care of it;" from which the jury were authorized to infer that the defendant agreed to hold the property levied upon for the officer (*Sanders* v. *Carter*, 124 *Ga.* 676, 678, 52 S. E. 887), and that there was at least a constructive seizure (Civil Code of 1910, § 6057), because the officer had the custody or control of the property

by an agent. *Moore* v. *Brown &c. Furniture Co.*, 107 *Ga.* 139 (32 S. E. 835). The testimony of the defendant was directly to the contrary, but the jury passed upon this issue.

2. While there was testimony that the defendant had delivered to the plaintiffs some part of the property sued for, there was direct testimony from one of the plaintiffs that after such delivery "there was at least sixteen thousand feet of decking left, which was worth $13 per thousand;" and this testimony would exactly support the verdict for $208 principal.

3. There is no merit in the special ground of the motion for a new trial complaining of the rejection of certain testimony.; we cannot say that there was no testimony to support the verdict returned; and therefore the trial judge did not .err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED MARCH 13, 1918.

Trover; from City court of Albany—Judge Clayton Jones. May 3, 1917.

T. H. Miller, for plaintiff in error. Peacock & Gardner, contra.