## CHAMPION BOX CO. v. MANATEE CRATE CO.
### No. 7570.

Circuit Court of Appeals, Fifth Circuit.
Feb. 8, 1935.

Lee W. Branch, of Quitman, Ga., for appellant.

T. Baldwin Martin, of Macon, Ga., William Brunson, of Dublin, Ga., and W. W. Alexander, of Thomasville, Ga., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a decree establishing title to a certain drying machine in appellee, Manatee Crate Company, as against appellant, Champion Box Company, and enjoining the latter from interfering with the former in removing it. Appellant brought the bill to enjoin removal of the machine and to declare void a marshal's sale of it to appellee made under foreclosure at law against appellant of a conditional sale contract at the suit of Coe Manufacturing Company who had sold it to appellant. The sale was attacked on the grounds that there was no sufficient levy on the machine by the marshal, and no sufficient advertisement of the sale. The argued assignments of error relate to these questions only. The evidence is not in serious conflict.

The machine, used to dry veneering for the manufacture of boxes and crates, was over 60 feet long and weighed 130,000 pounds. It consisted of a system of steam pipes for heat and of rollers to carry the veneering, all incased in a steel shell and held in place by its own weight on a concrete foundation under a shed, there being adjusting bolts connected with the foundation to level it. There was a belt to an engine and a steam pipe to a boiler under another shed. The machine could be disconnected from engine and boiler, taken apart, and removed without substantial injury to the building. The Coe Manufacturing Company in selling it retained title and the right on default or on other contingencies to en-

ter and retake and remove the machine. It is not seriously contested that it remained personal property as against this foreclosure for its purchase price, and we so hold. Wofford Oil Co. v. Weems-Fuller Co., 166 Ga. 173, 175, 142 S. E. 887; Anglo-American Mill Co. v. Dingler (D. C.) 8 F.(2d) 493; Wheat v. Otis Elevator Co. (C. C. A.) 23 F.(2d) 152.

■ By the law of Georgia a levy on personalty, is made by actual or constructive seizure. Civ. Code 1910, § 6057. The officer must take control of the property. He must so deal with it as that he would be a trespasser, but for the justification afforded by his writ. Jones v. Howard, 99 Ga. 451, 27 S. E. 765, 59 Am. St. Rep. 231; Sanders v. Carter, 124 Ga. 676, 52 S. E. 887; In re Brinn (D. C.) 262 F. 527. Nevertheless, if the officer goes where the property is and where he could control it and does acts which indicate a levy, such as making an inventory or entering a levy on the writ, and persons representing the defendant in fi. fa. in charge of the property are notified and acquiesce, the levy is sufficient though no manual custody is taken and the goods are not locked up or removed. Corniff v. Cook, 95 Ga. 61, 22 S. E. 47, 51 Am. St. Rep. 55; Moore v. Brown, Bradbury & Catlett Furniture Co., 107 Ga. 139, 32 S. E. 835; Myers v. Lee & Co., 22 Ga. App. 20, 95 S. E. 475. By Georgia Civil Code, § 6060, machinery or other articles difficult and expensive to transport are not required to be carried to the place of sale, but the place where these are located is to be set forth in the advertisement. As to such articles, it is clear that there need be no carrying away in making a levy. In the present case the marshal took his execution to appellant's plant and the machine in question was pointed out to him by an employee of appellant in charge of its office. A notice of levy was pasted on the machine and an entry of it made on the execution by the officer. A copy of the levy was left with the employee, and one was left on the desk of the absent president, who afterward found it there. The president saw the attorney for the plaintiff and obtained consent to use the machine until the sale, and did use it. This shows a sufficient levy on the machine. Moreover, since the officer could have relevied if any objection to the sufficiency of seizure had been made, when the appellant's president, instead of making such objection, sought and obtained the use of the machine pending sale, an estoppel arose to assert that the seizure was insufficient. Cohen v. Broughton, 54 Ga. 296.

■ The advertisement is asserted to be insufficient because while published four times at intervals of a week less than full four weeks intervened between the first publication and the day of sale; and because it was not made in the newspaper in which the advertisements of sheriff's sales were published. The first objection would be good if the act of March 3, 1893, 28 USCA § 847 and following applied. But that act relates only to judicial sales requiring confirmation by the court. Yazoo & Miss. Valley R. R. Co. v. Clarksdale, 257 U. S. 19, 42 S. Ct. 27, 66 L. Ed. 104. This was a sale under execution in a law case in which the knocking off to a purchaser by the officer is final. It is governed by 28 USCA § 724, which makes the modes of proceeding in civil cases other than equity and admiralty cases to conform as near as may be to those in the courts of record of the state and section 727 with reference to final process in law cases. Hardin v. Dodd, 176 Ga. 119, 167 S. E. 277. The statute of Georgia, Civ. Code, § 6062, requires publication "weekly; for four weeks," but section 6063 makes it clear that a publication on any day of each of the four weeks preceding the sale is sufficient, regardless of the number of days between the date of the first publication and the sale. Most county newspapers in Georgia are published on Thursday and Friday, and all ordinary public sales are required by law to be had on Tuesday, so that it usually happens that a sale on Tuesday after the fourth publication lacks three days of being four full weeks after the first publication, but such advertisement is uniformly held sufficient. Bird v. Burgsteiner, 100 Ga. 486, 28 S. E. 219; Carter v. Copeland, 147 Ga. 417, 94 S. E. 225; Haynes v. Arnold, 154 Ga. 377, 114 S. E. 360; Hardin v. Dodd, supra.

■ In Georgia the cost of advertising is fixed by law, and the officers make arrangements with a newspaper for doing the public advertising. Civ. Code, § 6066 (as amended by Laws Ga. 1920, p. 86), and section 6067. Publishers of newspapers so contracted with can by mandamus force the officer to give the patronage to which they become entitled. Coffee v. Ragsdale, 112 Ga. 705, 37 S. E. 968; Dollar v. Wind, 135 Ga. 760, 70 S. E. 335. But as touching the advertisement proper for a sheriff's sale, the requirement of section 6062 is only that it be "in some newspaper published in their

counties respectively,—and if there be no such paper published in the county, then in the nearest newspaper having the largest or a general circulation in such county." The sheriff is directed before changing his advertising to another paper to publish notice of the change in the newspaper hitherto used by him. Civ. Code, § 6065. We do not think these provisions bind the federal marshals to use the particular newspaper which from time to time is used by the sheriff of a county. In this case the federal District Court had designated a paper published in the county, to wit, The Thomasville Times-Enterprise, as the organ for publication of notices and advertisements in bankruptcy, and the marshal for more than twenty years had continuously advertised his sales in it. That he should advertise this sale in that paper was conformity as near as need be to the state procedure. The sale was not void. The purchaser bid and has paid what is testified to be a fair price, and has his bill of sale from the marshal. No reason appears why a peaceful removal of the property purchased should not be had as decreed.

Affirmed.