## ARTHUR et al. v. TERRY.
### No. 10219.

Circuit Court of Appeals, Fifth Circuit.
Oct. 27, 1942.

R. J. Bacon, of Baconton, Ga., for appellants.

Olin C. Hammock, of Rhine, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

After ten days notice to all creditors, the real estate of the bankrupt was by the Referee ordered sold at public auction before the courthouse within the legal hours of sale on a sale day and that "the trustee

advertise the sale for the two weeks preceding in the official organ of Randolph County." The advertisement was published on Sept. 26 and Oct. 3, 1941. The sale was had on Tuesday, October 7, 1941. The lands brought considerably more than their appraised value, but confirmation was resisted by the bankrupt and by his brother, who is a creditor, on the ground that the advertisement did not appear full two weeks before the sale. The Referee confirmed the sale, and so did the judge on petition for review. This appeal resulted.

It is true that advertisement for a stated number of weeks before a sale usually means that so many full weeks must elapse between the first appearance of the advertisement and the sale. Early v. Doe, 16 How. 610, 617, 14 L.Ed. 1079; Leach v. Burr, 188 U.S. 510, 23 S.Ct. 393, 47 L.Ed. 567; Wilson v. Northwestern Mut. Life Insurance Co., 8 Cir., 65 F. 38. This rule has been modified by statute in Georgia, so that sales and other things which are to be advertised once a week for four weeks are good if the advertisement appears once on any day of each of the four calendar weeks preceding the week of the sale, (Georgia Code, 39-1102), all sales being required to be had on the first Tuesday of the month, called "Sale day". Except in the larger cities, the county newspapers are published but once a week, usually on Thursday or Friday. See Champion Box Co. v. Manatee Crate Co., 5 Cir., 75 F.2d 340, 342. It appears that Friday is the day of publication in Randolph County, and this advertisement appeared on Friday of each of the calendar weeks preceding this sale. When the Referee ordered an advertisement in the official organ of Randolph County, not for two weeks, but "for *the* two weeks" preceding sale, we think he meant advertisement in the issues published in the two calendar weeks preceding the week of sale, as the trustee apparently understood and as was done. The sale was advertised as required by the order.

But bankruptcy sales, ordered after ten days notice to creditors as provided in 11 U.S.C.A. § 94, do not have to be advertised in any special way. They may, under General Order XVIII, 11 U.S.C.A. following section 53, be private. The federal statute relating to advertisement of other public sales is not applicable. Robertson v. Howard, 229 U.S. 254, 33 S.Ct. 854, 57 L.Ed. 1174. What advertisement

of the sale shall be made rests in the discretion of the referee or judge when ordering the sale. And the sale is in the nature of a judicial sale in equity, ordinarily requiring confirmation. 11 U.S.C.A. § 110, sub. b. See Robertson v. Howard, supra, 229 U.S. at page 263, 33 S.Ct. 854, 57 L.Ed. 1174; 8 C.J.S., Bankruptcy, § 308. While a defective advertisement may be a sufficient reason to deny confirmation and order a resale, still when the sale appears to be fair and for an adequate price confirmation may be ordered notwithstanding such irregularity. 35 C.J., Judicial Sales, § 32 and cases cited. No abuse of discretion appears in confirming this sale.

Judgment affirmed.