In the Matter of **SUPERIOR MUSH-ROOM GROWERS CORP.,**
Bankrupt.

No. 27595.

United States District Court
E. D. Pennsylvania.

March 25, 1964.

Erwin L. Pincus, Philadelphia, Pa., for receiver-trustee.

Adelman & Lavine, Philadelphia, Pa., for bankrupt.

Lewis Kates, Philadelphia, Pa., for the objector.

GRIM, Senior District Judge.

This is a petition for review of a bankruptcy referee's order confirming the sale at public auction of the assets of the bankrupt corporation. Petitioner, the president of the bankrupt corporation and an alleged creditor of the bankrupt estate, contends that the sale should be set aside because it was improperly advertised and produced inadequate proceeds.

On July 29, 1963 an adjudication of bankruptcy was entered against Superior Mushroom Growers Corporation and a sale of the assets of the bankrupt ordered. In a prior unsuccessful arrangement proceeding an appraiser with over thirty years experience in the valuation of farm lands in this section of the country had appraised the real estate of Superior Mushroom at a value of $145,000 as of late February, 1963. In the same proceeding, a real estate broker, familiar with land values in this area, had appraised the real estate at a value of $162,-000 as of late February, 1963. The appraiser appointed by the Referee for the present bankruptcy proceeding appraised the real estate at $148,000, and the personal property at $1,494.75.

The bankruptcy sale took place on October 22, 1963. The sale was advertised in Philadelphia newspapers, notices were mailed to known creditors and some 1500 circulars advertising the sale were sent to prospective bidders. However, one advertisement in a Philadelphia newspaper stated that the sale would be held on October 24, 1963. Further, it appears that there were certain inconsistencies between the advertisements and circulars

with regard to the number of mushroom houses on the property which was to be sold.

Petitioner contends that because of the above-mentioned errors in the advertising and the alleged inadequate sale proceeds, it was error for the Referee to confirm the sale.

An estimated 200 people attended the auction. The bidding was spirited with three of four people bidding against each other for each parcel of land. The aggregate of the highest bids for the parcels of real estate and improvements amounted to the sum of $194,450, some thirty per cent more than the appraised value, as it was determined by the Referee's appraiser. The aggregate of the highest bids for the personalty amounted to the sum of $4,677.25, more than three times the appraised value.

A sale in a bankruptcy proceeding is a judicial sale. To induce bidding at such sales and reliance upon them, bankruptcy sales should be final and should not be set aside except for substantial reasons. In Re Stanley Engineering Corp., 164 F.2d 316 (3d Cir. 1947) cert. denied sub nom. Root v. Galman, 332 U.S. 847, 68 S.Ct. 351, 92 L.Ed. 417 (1948). To permit a bankruptcy sale to be set aside because of inaccuracies in the advertisements, unless it is clear that the inaccuracies seriously affected the amounts of the bids, would do grave injustice to the bankruptcy estate, especially where the sale price appears to be fair and adequate. See Arthur v. Terry, 131 F.2d 73 (5th Cir. 1942).

It would be a mistake to reverse the Referee in the present case and set aside his confirmation of the sale. There was no fraud in the sale. True, there were mistakes, but apparently they were fairly minor and did not affect the bidding nor the price received. The three appraisals in the case, $145,000, $148,000 and $162,000 reflect a guide to a correct value of the real estate. Certainly it would be unwise to set aside the price of $194,450 and to enter upon a sea of uncertain results, which is what would happen if a new sale were ordered.

I am aware that in his Statement of Affairs the petitioner placed a value of approximately $580,000 on the property and equipment and that at the argument he submitted an appraisal of $617,500. Both these appraisals are from an interested source, however, and in my judgment cannot be given the weight which should be given to the official appraisal and the valuation testimony placed before the Referee in the prior arrangement proceedings.

In view of all the circumstances in the present case it cannot be said that the sale price was "so grossly inadequate as to shock the conscience of the court." See In Re Stanley Engineering Corp., 164 F. 2d 316 (3d Cir. 1947) cert. denied sub nom. Root v. Galman, 332 U.S. 847, 68 S. Ct. 351, 92 L.Ed. 417 (1948); Jacobsohn v. Larkey, 245 F. 538, L.R.A.1918C 1176 (3d Cir. 1917). The same must be said with even greater force with regard to the sale of the personalty for a price of $4,677.25, more than three times the appraised value.

Since the sale of the bankrupt assets will be confirmed it is unnecessary to discuss the contention of the trustee that petitioner has no standing to object to the confirmation of the sale.

### ORDER

And now, this 25th day of March, 1964, the motion of trustee to dismiss the petition for certificate of review of confirmation of sale is denied and the petition of Valentine Catena for review of the Referee's order confirming the sale of the real estate and personal property of the bankrupt is denied.