## THE DADE COAL COMPANY v. HASLETT.

83 549
116 408

1. While at common law one convicted of felony or treason forfeited all his rights of citizenship and was deemed to be *civiliter mortuis*, as these consequences do not in this State follow conviction of

felony, an action for injuries received by one while a felon and in confinement is maintainable.

2. Where by the terms of the act incorporating the defendant it was not located in any particular county but could carry on its operations in any county of the State, and where it established its office in Atlanta "for the purpose of electing its officers, and for the purpose of conducting its financial operations," the proper court of Fulton county had jurisdiction.

3. A plea to the effect that the company to which the plaintiff was committed by the State after his conviction was located in Dade county, and that the defendant was a mere stockholder in that company, and therefore the action, if any, should be brought against that company, was properly stricken; the plaintiff not complaining against the company referred to but against the defendant. Whatever defence may have been had under this plea could be had under the plea of the general issue.

October 28, 1889.

Actions. Parties. Felonies. Torts. Pleadings. Jurisdiction. Corporations. Before Judge VAN EPPS. City court of Atlanta. June term, 1889.

Reported in the decision.

JULIUS L. BROWN, for plaintiff in error.

JOHN T. GLENN and R. J. JORDAN, contra.

BLANDFORD, Justice.

1. There was a general demurrer to the declaration filed by the defendant in error against the plaintiff in error, which was overruled by the court; and the plaintiff in error insists that this was error, because, as it appeared that the plaintiff in the court below had been convicted of a felony, and that the injury he complained of was received by him while he was in confinement in the penitentiary, he was *civiliter mortuus*, and could not maintain an action for the injury, although he had received a pardon and had been thereby restored to all his rights of citizenship before the commencement of the action.

We do not think that this position of the learned counsel for the plaintiff in error is sound. We are aware that at the common law, when one was con-

victed of felony or treason, he forfeited all his rights of citizenship, and that he was deemed to be *civiliter mortuus;* but as these consequences do not follow in this State by conviction of felony, it would seem that he might maintain an action for the injuries he received, even though at the time of receiving the same he was a felon and in confinement. In the case of Cannon *v.* Windsor, 1 Houst. (Del.) Rep. 143, it was held that "the maxim of *civiliter mortuus,* on a conviction for felony, does not apply in this State" (Delaware), and that against one who had been convicted of the crime of murder and was under sentence of death, an action could be maintained for the support and maintenance of his minor children. It is stated as a principle of the common law that a person convicted of felony "may sue for any personal wrong done to him before or after the commencement of the period of his disability, *e. g.* for an assault." Dicey on Parties to Actions, p. 3, citing Barnard's case, Owen, 22; Comyn's Dig. Forfeiture, B. 2. "A right of action for damages is not forfeited to the crown upon a conviction for felony." Fleming *v.* Smith, 12 Ir. C. L. R. 404, Mews' Com. L. Dig. Forfeiture. Besides, in *Ex Parte* Garland, 4 Wall. 380, the Supreme Court of the United States held that a pardon reaches both the punishment prescribed for the offence and the guilt of the offender, and when the pardon is full it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. So we are of the opinion that the general demurrer to the declaration should have been overruled.

2. This action was brought against the Dade Coal Company to recover damages which it is alleged that company wrongfully inflicted upon the plaintiff, the defendant in error here. There was a plea in abatement filed by the defendant to the effect that the Dade

Coal Company was located in the county of Dade, the plea stating that "all of the defendant's coal mining operations are located in Dade county, and that all of its books relating to the shipment of the products of its coal mines are kept in Dade county at its offices at the said Dade Coal Mines, at a place known as Coal City; that its superintendents and agents having charge of its coal mining operations are also at its said mines at said Coal City, and all of its mining operations are carried on in said county of Dade, and that its office in Atlanta is for the purpose of electing its officers, and for the purpose of conducting its financial operations."

The court sustained the demurrer to this plea, holding that upon the face of the plea itself, the proper court in Fulton county had jurisdiction of the case, inasmuch as the plea showed affirmatively that it had an office in Atlanta for the purpose of electing its officers and for the purpose of conducting its financial operations. The act of the legislature incorporating this company, approved February 1st, 1873, does not, by any of its provisions, locate this company in any particular county of this State. It can carry on its mining operations in any county, by the terms of the act. The company therefore had a right to establish its principal place of business in any county in this State, and the company having chosen to locate its office in Atlanta "for the purpose of electing its officers and for the purpose of conducting its financial operations," we think that gave the proper court in Fulton county jurisdiction in this case; and there was no error in sustaining the demurrer to this plea.

3. There was an amended plea filed by the plaintiff in error to the effect that the Georgia Penitentiary Company No. 1, to which the plaintiff was committed by the authorities of the State after his conviction, for punishment, was located in the county of Dade, and

that the Dade Coal Company was a mere stockholder in that corporation, and therefore no action could or ought to be maintained against the Dade Coal Company; that the same should be brought, if any could be brought, against said Penitentiary Company. This amended plea was also demurred to, and the demurrer sustained and the plea dismissed by the court. We think the court did right to sustain the demurrer to this plea, because the plaintiff in this action did not complain of any injury which he received from Penitentiary Company No. 1, but complained that his injury was received in consequence of the carelessness and negligence of the Dade Coal Company. Besides, we think that whatever defence the plaintiff in error may have had under the amended plea, it could have also under the plea of the general issue; and hence no harm resulted to the plaintiff in error by the ruling of the court complained of in this ground.

So upon the whole case we affirm the rulings, decisions and judgment of the court below.

*Judgment affirmed.*