HARDIN *et al. v.* DODD *et al.*

No. 8913.   December 15, 1932.

*Robert B. Troutman* and *J. M. Neel,* for plaintiffs in error.
*Wright & Covington,* contra.

Bell, J.   In the Federal court for the northern district of Georgia, the United States of America recovered a judgment against John Henry Hardin.   An execution was issued upon this judgment and was levied upon lands of the defendant.   The lands were sold by the United States marshal, who purported to act in virtue of the execution, and Jere Dodd became the purchaser.   Dodd later brought a bill in equity, in which he sought to enjoin Hardin and other persons from selling or otherwise disposing of the crops produced and being produced upon the premises in the year 1931, and to obtain a receivership with respect to such crops.   Jones Mercantile Company, one of the defendants, claimed the crops by reason of a bill of sale from Hardin, postdating the execution sale. Answers filed by these two defendants were stricken on demurrer for insufficiency.   Thereafter the court, upon hearing evidence, appointed a receiver and granted an interlocutory injunction.   Hardin and the mercantile company excepted to both of these judgments. The evidence was not materially in dispute at the hearing, and the questions for decision are as to the legal sufficiency of the answers. Several attacks were made upon the judgment obtained by the Government, and it was also contended that the sale was not sufficiently advertised.

■ In this opinion the term defendant will apply only to the defendant Hardin, unless otherwise stated. One contention was a claim of double jeopardy. At the March term, 1929, of the Federal court Hardin was indicted for the following offenses, each alleged to have been committed on April 17, 1927: (1) having in his possession a distilling apparatus, without having the same registered as required by law; (2) carrying on the business of a distiller, without having given bond according to statute; and (3) engaging in the business of a distiller, with intent to defraud the United States of the tax on spirits distilled by him. On March 14, 1929, he was found guilty as charged in the indictment, and on the same date was sentenced to a term of two years in the Federal penitentiary. While the defendant was incarcerated under this sentence, suit was brought against him by the United States Government for the recovery of certain taxes and penalties alleged to be due by him. The defendant was duly served, but failed to make any appearance or defense, and verdict and judgment were rendered against him. The suit as thus brought by the Government was in two counts. The first count alleged that the defendant, on May 31, 1928, did unlawfully have and possess "850 gallons of corn whisky, buried beneath the mill-house, the property of the defendant; said whisky being intended for use as a beverage," and that the defendant was due upon such whisky a tax of $6.40 per gallon, or a total sum of $5440. In the first count there was no reference to a prior conviction of any offense. The second count alleged that the defendant did unlawfully manufacture certain intoxicating liquor, to wit, whisky, brandy, and rum, intended for use in violation of the national prohibition act of October 28, 1919, for which offense the defendant was indicted, convicted, and sentenced; that at the same time and place the defendant did have in his possession a distilling apparatus, without having the same registered as required by law, "as shown in the first count of said indictment;" that at the same time and place the defendant did carry on the business of a distiller of spirituous liquors, without giving bond as required by law, "as shown in the second and third counts of said indictment;" that at the same time and place the defendant did unlawfully have and possess certain intoxicating liquors, "to wit: 15 gallons of distilled spirits;" and that by reason of all of these facts the defendant became liable to pay to the United States Government

as taxes and penalties the sum of $1648.50, according to a statement of items set forth in the petition. The petition did not contain or exhibit a copy of the indictment, and the only thing to indicate a prior conviction was the statement that the defendant had been indicted and convicted of the offense of manufacturing "intoxicating liquor, to wit, whisky, brandy, and rum," intended for use in violation of the national prohibition act. The verdict and judgment in favor of the Government were for the sum of $5838.50, which was more than the amount sued for in the first count of the petition, but less than the amount claimed in both counts.

The defendant's answer contained a general attack upon the right of the Government to recover for any of the items sued for, but specifically challenged only the claim of $6.40 per gallon upon the 850 gallons of corn whisky. It is contended that this charge amounted to a penalty and involved a double jeopardy, because the defendant had been convicted and sentenced under the indictment. This was not a valid attack upon the judgment, even if the petition of the Government should be construed as disclosing a prior conviction and sentence upon the same transaction,—which, however, is not decided. By section 600(a) of the revenue act of 1918, as amended (U. S. C. Supp. II, U. S. C. A., title 26, § 245(4)), it is provided: "On and after February 26, 1926, on all distilled spirits which are diverted to beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage there shall be levied and collected a tax of $6.40 on each proof gallon or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the person responsible for such diversion." In the same statute (U. S. C. A., title 26, § 245(3)), it was provided that on and after January 1, 1928, a tax of $1.10 should be laid upon each gallon of whisky, regardless of any criminal act or conviction in relation to it, and that this amount, if paid, should be deducted from the larger amount. It thus appears that the charge of $6.40 necessarily included a basic tax of $1.10, which was not a penalty but a true tax. Only the remaining part of the $6.40 could be regarded as a penalty. There could be no double jeopardy with respect to the portion which represented the true tax, and this amount was both definite and severable. United States *v.* LaFranca, 282 U. S. 568 (51 Sup. Ct. 278, 75 L. ed. 551) ; Items of Personal Property

*v.* United States, 282 U. S. 577 (51 Sup. Ct. 282, 75 L. ed. 558). So the petition stated a cause of action for the recovery of a tax of $1.10 per gallon upon the 850 gallons of whisky. Even if the petition showed upon its face that the Government was not entitled to recover more, the judgment was not void because of the excess. *Shahan* v. *Myers,* 130 *Ga.* 724 (61 S. E. 702) ; *Hobbs* v. *Citizens Bank,* 32 *Ga. App.* 522 (8 *c*) (124 S. E. 72) ; *Henderson* v. *Ellarbee,* 35 *Ga. App.* 5 (5) (135 S. E. 524) ; 34 C. J. 564. In this view it is unnecessary to pass upon the validity of the judgment as to other items of the Government's claim.

■ The suit of the Government was instituted, and the verdict and judgment were obtained, while the defendant was incarcerated in the Federal penitentiary. The defendant was duly served, and there is no contention that the court did not acquire jurisdiction of his person. See, in this connection, *Hutcheson Mfg. Co.* v. *Chandler,* 29 *Ga. App.* 726, 730 (116 S. E. 849), and cit. The answer alleged, however, that during the entire period of the defendant's imprisonment he was permitted to consult with counsel only in the presence of a guard in the employment of the United States, and never privately; that he was not brought into court in person; that the court appointed no one to represent him; that he was not represented in the action; that his failure to make any appearance was due to "said imprisonment;" and that in these circumstances he was not afforded an opportunity to be heard. The defendant was not civilly dead while serving a sentence in the Federal penitentiary, but could sue and be sued. *Barton* v. *Barton,* 74 *Ga.* 761; *Dade Coal Co.* v. *Haslett,* 83 *Ga.* 549 (10 S. E. 435) ; *McLeod* v. *McLeod,* 144 *Ga.* 359 (87 S. E. 286) ; *Foster* v. *Whitten,* 19 *Ga. App.* 549 (91 S. E. 918) ; Davis *v.* Laning, 85 Tex. 39 (19 S. W. 846, 18 L. R. A. 82, 34 Am. St. R. 784) ; Grasser *v.* Jones, 102 Or. 214 (201 Pac. 1069, 18 A. L. R. 529) ; Harmon *v.* Bower, 78 Kan. 135 (96 Pac. 51, 17 L. R. A. (N. S.) 502, 16 Ann. Cas. 121) ; 21 R. C. L. 1180. If the facts touching the defendant's alleged inability to defend the suit would constitute any ground for relief against the judgment, such relief could be had only in a direct proceeding. These facts did not appear upon the face of the record, and in no view of the case was the judgment a nullity by reason thereof. Consequently they afforded no ground for a collateral attack upon the judgment. Civil Code (1910), § 5963; *Dixon* v.

*Baxter,* 106 *Ga.* 180 (32 S. E. 24); *Lewis* v. *Armstrong,* 45 *Ga.* 131; White *v.* Crow, 110 U. S. 183 (4 Sup. Ct. 71, 28 L. ed. 113); Dow *v.* Johnson, 100 U. S. 158, 193 (25 L. ed. 632); Nielsen *v.* United States, 131 U. S. 176 (9 Sup. Ct. 672, 33 L. ed. 118); Bigelow *v.* Crocker, 113 U. S. 328 (5 Sup. Ct. 542, 28 L. ed. 1005).

■■ Finally, it was contended that the sale was not advertised for a sufficient length of time. The advertisement appeared on the 9th, 16th, 23d, and 30th days of April, 1931, and the sale occurred on May 5th thereafter. It thus appears that the period between the first publication and the date of the sale was less than four weeks. The defendant relies upon a provision of the act of Congress of March 3, 1893 (c. 225, § 3), as follows: "No sale of real estate under any order, judgment, or decree of any United States court shall be had without previous publication of notices of such proposed sale being ordered and had once a week for at least four weeks prior to such sale in at least one newspaper printed, regularly issued and having a general circulation in the county and State where the real estate proposed to be sold is situated, if such there be." 27 Stat. 751 (U. S. C. A. title 28, § 849). In regard to sales to which this statute is applicable, it has been held that the first publication must be at least four weeks prior to the date of the sale, in order for the sale to be valid. Wilson *v.* Northwestern Mutual Life Ins. Co., 65 Fed. 38; Walker *v.* Stuart, 261 Fed. 427; Westmoreland Brick Co. *v.* U. S. Malleable Iron Co., 16 Fed. (2d.) 371; and see also Early *v.* Homans, 57 U. S. 610 (14 L. ed. 1079). But it has also been held that this statute is limited in its application to judicial sales made under order or decree of the court, and "requiring confirmation by the court for their validity." Yazoo *v.* Clarksdale, 257 U. S. 10 (42 Sup. Ct. 27, 66 L. ed. 104); Westmoreland Brick Co. *v.* United States Malleable Iron Co., supra. This sale was not a judicial but an execution sale, and a different statute was applicable. "The party recovering a judgment in any common-law cause in any district court shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are provided in like causes by the laws of the State in which such court is held, or by any such laws which may subsequently be enacted and adopted by general rules of such district court; and such courts may, from time to time, by general rules, adopt such State laws as may be in force in such

State in relation to remedies upon judgments, as aforesaid, by execution or otherwise." R. S. § 916, U. S. C. A. title 28, § 727. The advertisement in this case was in accordance with the Georgia law upon the subject. Civil Code (1910), § 6063. The answer did not show that the Federal district court had adopted the Georgia statute in regard to this matter, but the marshal was presumed to have performed his duty; and in the absence of anything to the contrary it will be assumed that a sufficient rule was in existence, if a rule was necessary. *Almond* v. *Mobley,* 40 *Ga. App.* 305 (1 *c*), 307 (149 S. E. 293), and cit. The evidence disclosed that the court had adopted a rule sufficiently inclusive to make the Georgia law applicable; but in considering the answer and the demurrer we are not concerned with the evidence. Under the decision in Yazoo *v.* Clarksdale, 257 U. S. 10, supra, the sale appeared to have been advertised according to law.

From what is said above, the answer failed to show any valid objection to the judgment or the sale, and was properly stricken on demurrer. The judgment of the trial court was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*