## SCOTT v. SCOTT.

JENKINS, Justice. A wife in her petition for divorce, filed in July, 1940, in Crisp County, alleged that both she and her husband were residents of that county, but that he was then in Worth County serving a sentence in the penitentiary. She prayed that process be issued and "a second original be issued to be served upon the defendant in Worth County, by reason of his temporary residence and confinement" there. No order as to service was taken. The clerk issued a second original process, directed to the sheriff and his deputies of Worth County, on which a deputy sheriff of that county entered a return that he had served the defendant "in person with a true copy of the within second original." After a first verdict in October, 1940, the defendant, in February, 1941, filed a special appearance and motion only for the purpose of holding the process and service void, setting aside the verdict, and dismissing the case on the ground that the issuance and service of the second original was without authority of law and was void, and that the court had acquired no jurisdiction of the defendant. He did not otherwise appear in the case. The judge entered an order, reciting that "all the facts alleged," but not the legal conclusions in the motion, were admitted by the parties to be true, denying the motion, and allowing the cause to proceed to final verdict and decree in favor of the wife. The defendant excepted. *Held,*

1. The fact that the defendant was serving a penitentiary sentence did not render him civilly dead, and prevent him from suing or being sued. *Hardin* v. *Dodd,* 176 *Ga.* 119 (2), 123 (167 S. E. 277), and cit.

2. Where the facts set forth in the defendant's special appearance and motion appeared on the face of the record and were undisputed, it was not necessary to file a sworn plea to the jurisdiction. Nor was a traverse of the officer's return of service required or appropriate, where the return as made was admitted, and the only contention was that the second original process and the attempted service thereof were illegal.

3. Where a resident of a county was confined in another county under a penitentiary sentence, "this was not a voluntary change of domicile; and if thereafter his wife brought a libel for divorce against him," the "proper venue of the case" would be the county where he resided before such confinement. *Barton* v. *Barton,* 74 *Ga.* 761. However, in such a case of divorce, service on the husband merely by "leaving a copy at the residence of his wife" in the county of suit would be "irregular." *McLeod* v. *McLeod,* 144 *Ga.* 359 (87 S. E. 286).

4. The Code, § 81-215, limits the authority to issue and serve a second original process to cases "where there are two or more defendants joined in the same action, and where one or more reside in the county where the suit is brought, and one or more of the defendants reside in another county." *First National Bank of Charleston* v. *Dukes,* 138 *Ga.* 66, 68 (74 S. E. 789).

5. Under the rulings in the two preceding paragraphs, the clerk of the county of suit was unauthorized to issue a second original for service on the defendant, who did not reside but was only temporarily confined in another county, the service of that process in the latter county was

illegal; and the court erred in denying the defendant's motion, made only on special appearance, to declare the process and service void, to set the verdicts and decree aside, and to dismiss the suit.

6. There was no order by the judge providing for any service on the defendant, and no motion by the plaintiff for such an order. Therefore no question is presented, and no decision is made, as to whether, under the Code, § 81-204, or under any inherent power of the court, the judge could "prescribe extraordinary service according to the exigencies" un der the averments of the case, and if so, when and what service would have been legal and proper. See generally, Code, § 30-105; *Simpson* v. *Bradley*, 189 *Ga.* 316, 319 (5 S. E. 2d, 893); *Stallings* v. *Stallings*, 127 *Ga.* 464, 467 (56 S. E. 469, 9 L. R. A. (N. S.) 593); *Devereux* v. *Atlanta Ry. &c. Co.*, 111 *Ga.* 855 (2) (36 S. E. 939); *U. S. Casualty Co.* v. *Newman*, 137 *Ga.* 447, 449 (73 S. E. 667); *Hutcheson Mfg. Co.* v. *Chandler*, 29 *Ga. App.* 726 (116 S. E. 849). As to the time for perfecting service, see *Cox* v. *Strickland*, 120 *Ga.* 104 (7-10), 113 (47 S. E. 912, 1 Ann. Cas. 870; *Sims* v. *Sims*, 135 *Ga.* 439, 442 (69 S. E. 545); *Church* v. *Church*, 151 *Ga.* 98, 100 (106 S. E. 114); *Simmerson* v. *Herringdine*, 166 *Ga.* 143 (3), 148 (142 S. E. 687); *Georgia Power Co.* v. *Ozburn*, 53 *Ga. App.* 797 (187 S. E. 154); *Bolton* v. *Keys*, 38 *Ga. App.* 573 (1, 3) (144 S. E. 406).    *Judgment reversed. All the Justices concur.*

No. 13712.    JUNE 14, 1941.

*McDonald & McDonald,* for plaintiff in error.
*Mrs. J. H. McCormick Jr.,* contra.