**Rudolph HEARD, Plaintiff,**

v.

**E. B. CALDWELL, Warden, Georgia State Prison, Reidsville, Georgia, Defendant.**

**Civ. A. No. 3142.**

United States District Court, S. D. Georgia, Savannah Division.

Oct. 1, 1973.

Rudolph Heard, pro se.

Arthur K. Bolton, Atty. Gen., Courtney W. Stanton, Asst. Atty. Gen., Atlanta, Ga., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS

LAWRENCE, Chief Judge.

This suit is brought by a prisoner for injuries received while incarcerated in the Georgia State Prison. Plaintiff sues under the Civil Rights Act of 1871; 42 U.S.C.A. § 1983.[1] The complaint was mailed to this Court last May. In his action against the Warden plaintiff alleges that on January 23, 1969, another inmate poured lighter fuel on his head and ignited same. He claims that the defendant wrongfully failed to prevent such assault.

I permitted the action to proceed *in forma pauperis*. The plaintiff-prisoner also moved for appointment of counsel to represent him in the action, he being indigent and "unlearned in the science of law". It is not this Court's practice to furnish prisoners with counsel at Government expense in civil cases and I made no exception here.

In its Order of July 2, 1973, the Court stated that the complaint raises legal questions requiring further inquiry and defendant was directed to answer within 30 days. I particularly had in mind the matter of the statute of limitations. As noted in such Order, the Civil Rights Act does not prescribe the time within which the action must be brought. The period is analogized to the state statute of limitations and the latter is applied. Shank v. Spruill, 406 F.2d 756 (5th Cir.). Under the Georgia Code (§ 3–1004) suits for injuries to the person must be brought within two years after the right of action accrues. However, there is a provision in the statute tolling the period in the case of

1. "Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

persons under legal disability. They include "persons imprisoned".[2]

In the first Order this Court merely referred to the limitations question. It did not deal with same. The defendant has moved for judgment on the pleadings on the ground that Heard's suit is barred by plaintiff's failure to file same within two years after the alleged tort in January, 1969. A helpful brief of the Attorney General has been filed in support of the motion.

What is now Section 3–801 of the Georgia Code is a codification of a common law principle embodied in legislation which is over two hundred years old. The Act of 1767 tolled the statute of limitations in the instance of persons under disability, including those imprisoned. "An Act for limitation of actions, and for avoiding suits at law" was enacted by the Commons House of Assembly of Georgia that year. A three-year period for bringing various common law actions, including assault, was established. The statute contained a provision tolling actions accruing during minority and in the case of "feme-coverts", insanity, "imprisonment" and being "beyond the seas". Suit by such persons was permitted to be brought within the period of limitations after removal of the disability. Candler, ed., XVIII Colonial Records of the State of Georgia, pp. 808–809; Marbury and Crawford, Digest of the Laws of the State of Georgia . . . 1755 . . . 1800, pp. 33–34. In 1805 the legislature reenacted, with little change, the Provincial Act of 1767. See T. R. R. Cobb, A Digest of the Statute Laws of the State of Georgia, pp. 563–564. The principle of the disability of imprisoned persons was codified in the first Code in 1862 and has appeared in each of the official codifications since then.

The rule in respect to maintenance of actions by prisoners derives from the common law doctrine that a convicted felon was *civiliter mortuus* (civilly dead). In Dade Coal Company v. Haslett, 83 Ga. 549, 10 S.E. 435 the Supreme Court of this State laid that principle to rest. The plaintiff who was a prisoner in the Georgia Penitentiary brought suit as a stockholder of the defendant company to recover damages. In respect to the doctrine that one convicted of a felony forfeited all his rights of citizenship the Supreme Court said that "these consequences do not follow in this state by conviction of felony". "[I]t would seem," added the Court, "that he might maintain an action for the injuries he received, even though at the time of receiving the same he was a felon and in confinement."

Without citing *Dade Coal Company,* the Georgia Court of Appeals applied such rule in Foster, Son & Harlan v. Whitten, 19 Ga.App. 549, 91 S.E. 918. The plaintiff attempted to avoid the statute of limitations in his action on a promissory note by alleging that "for 12 or 13 years since said note was signed defendant has been incarcerated in the Georgia Penitentiary, being legally dead." This allegation was stricken on motion since the "criminal act of the defendant, followed by his legal imprisonment, did not postpone the plaintiff's right to commence and prosecute this suit upon the note."

In Hardin v. Dodd, 176 Ga. 119, 167 S.E. 277, the plaintiff-in-error had been convicted of a violation of federal law. While incarcerated, he was sued and served in an action filed by the United States for taxes and penalties under the internal revenue laws. Judgment was obtained by default and the land of such defendant levied on and sold. The purchaser sought to enjoin Hardin and others from selling or otherwise disposing of crops thereon. Hardin pleaded that while he was imprisoned he was permitted to consult with counsel only in the

---

**2.** "Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." § 3–801.

presence of a guard; was not brought into court in person; that no lawyer was appointed to represent him, and that his failure to appear in the Government's action for recovery of taxes and penalties was due to his imprisonment. The Supreme Court said that Hardin was "not civilly dead while serving a sentence in the federal penitentiary but could sue and be sued." 176 Ga. at 123, 167 S.E. at 279. This ruling was followed in Scott v. Scott, 192 Ga. 370, 15 S.E.2d 416 where it was held that "The fact that the defendant was serving a penitentiary sentence did not render him civilly dead and prevent him from suing or being sued."

Citing *Hardin* and *Scott,* the Court of Appeals for the Fifth Circuit has observed in a Georgia case that "apart from prison discipline and restrictions imposed by statute, there is no inhibition to the filing of civil suits by prisoners." Tabor v. Hardwick, 224 F.2d 526, 528. The same Court has ruled in Shank v. Spruill, *supra,* that the two-year limitation is applicable and that the prisoner's suit against Georgia law enforcement officers who brought him forcibly to this State was barred on two grounds, one of them being the statute of limitations. See 406 F.2d 756–757. The decision of the Fifth Circuit in Knowles v. Carson, 419 F.2d 369 (which came up from Florida) restates the rule that incarceration does not toll the statute of limitations in civil rights actions by prisoners.

The doctrine that they cannot sue no longer exists in Georgia. While the Georgia Code (1933) retains the common law disability, it remains on the statute books although abrogated by the Georgia courts, a mere fossil of another era—the dry bones of dead words.

■■ There is another and alternative approach. The time within which a § 1983 action must be brought is the state limitation that most closely approximates the federal cause of action. But does such assimilation require obeisance to a provision of state law impeding or delaying the plaintiff from resort to the federally-created remedy? Borrowing the state period for the purpose of Civil Rights suits does not necessarily carry with it to the federal courts a tolling provision of the state law which has that effect.[3] The policy and intent of the federal law must be considered in dealing with the state limitation. Mizell v. North Broward Hospital District, 427 F.2d 468 (5th Cir.).[4] However, in view of the Georgia cases which have in effect read out of the Code any disability of prisoners to sue, consideration of the alternative theory becomes unnecessary.

■ A tort action by an inmate against prison officials lies under Georgia law. Irwin v. Arrendale, 117 Ga. App. 1, 159 S.E.2d 719.[5] There is no custom, practice, administrative rule or regulation inhibiting such a suit. In fact, actions by state prisoners under § 1983 are the most prolific single source of civil litigation in this District.

■ No claim is made here of any factual disability that delayed or impeded the filing of the suit by Heard. There is no issue of fact. The question is solely one of law. Where failure to sue within the time prescribed appears on the face of the complaint, such defect

3. Compare Miller v. Swenson, 338 F.Supp. 518. Missouri's statute of limitations has a "savings clause" under which the period for bringing suit is tolled during imprisonment. An action may be brought "after such disability is removed". The District Court held that the clause prevented the statute from running during incarceration of the plaintiff. See Still v. Nichols, 412 F.2d 778 (1st Cir.) to the same effect.

4. Compare Blair v. Page Aircraft Maintenance, Inc., 467 F.2d 815 (5th Cir.) where

the dissenting judge, complaining that *Mizell* had been "overruled sub silentio", argued that a federal court is not bound to adhere to state court policies in respect to the tolling of the statute.

5. In a case in which the state prisoner claimed that he had been denied access to the Georgia Courts the Fifth Circuit, referring to Irwin v. Arrendale, has said that any such idea "is thus thoroughly dissipated." Irwin v. Burson et al., 389 F.2d 63.

may be taken advantage of by motion to dismiss or by judgment on the pleadings under Rule 12(c). Blythe Motor Lines Corporation v. Blalock, 310 F.2d 77 (5th Cir.). There was no hearing on defendant's motion in the present case. However, opportunity was afforded the plaintiff to submit a written brief or argument. None was presented.

Heard's suit is barred by the statute of limitations. Defendant's motion for judgment on the pleadings is granted and the complaint is dismissed.