## 63552. MADDOX v. HALL COUNTY.

SHULMAN, Presiding Judge.

Appellant brought suit against Hall County for injuries he received while incarcerated in the Hall County Correctional Institute. The county answered and filed a motion to dismiss for failure to present the claim within 12 months of the injury as is required by Code Ann. § 23-1602. Appellant contended in response to the motion that the period of limitation in § 23-1602 was tolled by the fact that appellant had been, since the cause of action arose, imprisoned. Relying on Heard v. Caldwell, 364 FSupp. 419, the trial court granted the motion to dismiss. We reverse.

1. Code Ann. § 23-1602 requires presentation of a claim against a county within 12 months, except that persons "under disability" have 12 months after the removal of the disability in which to present the claim. Code Ann § 3-801 enumerates those who are under disabilities and includes "persons imprisoned."

In Heard v. Caldwell, the court discussed the origin of § 3-801 and determined that it arose "from the common law doctrine that a convicted felon was *civiliter mortuus* (civilly dead)." Id., p. 421. The court then examined several Georgia cases and concluded that "[w]hile the Georgia Code (1933) retains the common law disability, it remains on the statute books although abrogated by the Georgia courts, mere fossil of another era — the dry bones of dead words." Id., p. 422. However, our study of the cases cited in Heard v. Caldwell leads us to the decision that the district court was incorrect in its conclusion that the appellate courts of this state have abrogated § 3-801.

*Dade Coal Co. v. Haslett,* 83 Ga. 549 (1) (10 SE 435), did not involve a statute of limitation. The issue there was whether the plaintiff could sue at all for injuries received while in confinement as a felon. The court held that one convicted of a felony in this state was not deemed to be civiliter mortuus, and that one "convicted of felony 'may sue for any personal wrong done to him before or after the commencement of the period of his disability ...' [Cits.]" Id., p. 551. It should be noted that the Supreme Court did not hold that one convicted of a felony was not under a disability within the meaning of

Code Ann. § 3-801.

The next case cited by the district court, *Foster, Son & Harlan v. Whitten,* 19 Ga. App. 549 (1) (91 SE 918), although it did involve a statute of limitation, did not involve the application of a statute of limitation to a plaintiff who had been imprisoned. The imprisoned person in that case was the defendant and the court merely held that the defendant could have been sued. In *Hardin v. Dodd,* 176 Ga. 119 (2) (167 SE 277), it was also the defendant who was incarcerated, and there was no issue concerning the tolling of a statute of limitation. *Scott v. Scott,* 192 Ga. 370 (1) (15 SE2d 416), also involved a prisoner as a defendant.

While it may be that the underlying cause for tolling statutes of limitation for persons imprisoned has disappeared along with the doctrine of civiliter mortuus, the saving provision of § 3-801 is still part of a valid statute of this state. We are not inclined to enter the legislative sphere and declare enactments of the legislature to be abrogated. We are especially unwilling to meddle with a statute which the legislature has recently altered slightly but from which it did not remove the provision involved in this case. See § 9-3-90, Georgia Code of 1981 (Ga. L. 1981, Ext. Sess., p. 8), effective November 1, 1982.

Therefore, we conclude that the provisions of Code Ann. § 3-801 tolling statutes of limitation for persons imprisoned continue in effect. It follows that the trial court erred in ruling that appellant's action is barred by Code Ann. § 23-1602.

2. Appellee argues that if appellant is correct in his assertion that the period of limitation in § 23-1602 was tolled by appellant's imprisonment, then appellant's action is premature because he is still under a disability. While appellee's argument has a certain logical attractiveness, it contains the converse of the fallacy which infected the district court's decision in Heard v. Caldwell, supra. There the court held that because the disability had been removed, the benefit was also removed. Appellee now argues that if the benefit survives, the disability must also. Both positions ignore the fact that while there is no statutorily imposed disability which would prevent an imprisoned person from suing (see *Dade Coal Co. v. Haslett,* supra; *Scott v. Scott,* supra), Code Ann. § 3-801 provides an imprisoned person the benefit of a statutory provision tolling statutes of limitation. The result is that a person imprisoned has the option of bringing an action while incarcerated or waiting until the period of incarceration ends. If the latter option is chosen, the period of limitation begins to run from the date of release, i.e., the time the "disability" is removed. Appellant in this case has chosen the first option and his action was neither premature nor time-barred.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 18, 1982.

*John N. Crudup,* for appellant.
*Julius M. Hulsey, Daryl T. LeFevre,* for appellee.