Alonzo COBB, Jr., Plaintiff,

v.

A. Turner McDONALD, his successor, and Fulton County Commissioners, Defendants.

Civ. A. No. C81–552A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 2, 1982.

Alonzo Cobb, Jr., pro se.

Robert G. Young, County Atty., Susan Forsling, Asst. County Atty., Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

Pending before the court is the defendants' motion to dismiss the plaintiff's complaint alleging that it is barred by the statute of limitations. The cause of action allegedly arose in 1961 while the plaintiff was an inmate at a Fulton County work camp. At the time the complaint was filed, the plaintiff was an inmate at the Georgia State Prison in Reidsville. The plaintiff has not submitted a response to the defendants' Rule 12(b)(6) motion. Although Local Rule 91.2 states that a party's failure to file a response indicates that there is no opposition to the motion, the court must still determine if the motion has merit.

■ By statute, the time for bringing an action by individuals suffering from a disability, *inter alia* incarceration, is tolled until that disability has been removed. Ga. Code Ann. § 3–801. The defendants rely upon *Heard v. Caldwell*, 364 F.Supp. 419 (S.D.Ga.1973), for the proposition that this tolling provision is no longer applicable to prisoners and argue that a cause of action almost 20 years old should therefore be barred irrespective of any period of incarceration.

The *Heard* court discussed the old common law doctrine that a convicted felon was *civiliter mortuus* and thus barred from instituting any kind of legal action. The *Heard* court believed that the provision for tolling the statute of limitations while a person is in prison (this tolling provision had been first enacted in 1767 and reenacted in each codification of Georgia laws since that time [1]) was the result of this common law doctrine. The court went on to note that since Georgia has allowed inmates to bring suits at least since 1889, *see*

*Dade Coal Co. v. Haslett*, 83 Ga. 549, 10 S.E. 435 (1889), the reason for the tolling provision no longer exists in Georgia. The court then proceeded to hold that even though the Georgia Code retains the tolling provision "it remains on the statute books although abrogated by the Georgia courts, a mere fossil of another era—the dry bones of dead words." 364 F.Supp. at 442.

■ This court disagrees with the analysis and holding of *Heard*. The tolling provision has not been "abrogated" by the Georgia courts nor the Georgia legislature. No case was cited in *Heard* which held or even indicated in *dicta* that the tolling provision as applied to inmates was no longer valid. The mere fact that prisoners are allowed to bring suit does not mean that the tolling provision has been "abrogated." This court is aware of no law which allows a court to completely disregard a clear, unambiguous statute simply because the court believes that the statute no longer serves a useful purpose. A decision as to whether a statute should remain in force despite its apparent lack of utility is a decision to be made by the legislature, not the courts. The courts have a duty to follow and apply the laws as enacted (assuming the laws are constitutional and not against firmly established public policy). Even assuming that the reason for tolling the statute of limitations for prisoners no longer exists, the tolling statute itself does still exist, and this court must apply it.

■ Since this court believes that *Heard* was wrongly decided and since the appropriate tolling statute must be applied in a section 1983 action, *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the plaintiff's complaint is not subject to dismissal because of the running of the statute of limitations. Accordingly, the defendants' motion to dismiss is DENIED.

---

1. The court notes that the recently enacted Official Code of Georgia Annotated (1981), to be effective on November 1, 1982, retains the tolling provision. *See* Official Code of Georgia Annotated § 9–3–90.