Oran L. TURNER, Plaintiff-Appellant,

v.

David C. EVANS, et al.,
Defendants-Appellees.

No. 82–8159.

United States Court of Appeals,
Eleventh Circuit.

May 9, 1983.

Sonja L. Salo, Atlanta, Ga., for plaintiff-appellant.

Daryl A. Robinson, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before FAY and VANCE, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

Having concluded that this appeal presents an important issue of Georgia law which we believe is appropriate for resolution by the Supreme Court of Georgia, our decision in this matter will be deferred pending such certification.

We have requested the parties to submit a proposed agreed question for certification and this they have done.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above styled case in this court involves a question or proposition of the law of the State of Georgia which is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of the State of Georgia. This Court certifies the following questions of law to the Supreme Court of Georgia for instructions concerning said questions of law, based on the facts recited herein, such case being on appeal from the United States District Court for the Northern District of Georgia.

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

### I. Style of the Case

The style of the case in which this certification is made is:

ORAN L. TURNER, Plaintiff-Appellant,

versus

DAVID C. EVANS, et al., Defendants-Appellees.

### II. Statement of the Facts

The plaintiff/appellant filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, on June 19, 1981, with allegations regarding incidents which occurred in May of 1976, March of 1977 and August of 1978. The plaintiff/appellant has been continuously incarcerated since May of 1976. The defendants/appellees filed a motion to dismiss the complaint as untimely since the allegations dealt with incidents outside the period of the Georgia statute of limitations for "actions for injuries to the person." Ga.Code Ann. § 3–1004 (two years). This motion was granted and the case dismissed. The dismissal was appealed to the United States Court of Appeals for the Eleventh Circuit.

The plaintiff/appellant admits that the actions complained of occurred prior to the two year period preceding the filing of his complaint but contends that his claim is not time barred due to the tolling provisions of Ga.Code Ann. § 3–801:

> Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons.

Although the complaint in this matter is brought under 42 U.S.C. § 1983 and in a federal district court, we are concerned with the laws of Georgia insofar as the applicable statute of limitations is concerned. It is important for us to know whether or not the provisions of Ga.Code § 3–1004 are tolled by the provisions of Ga.Code § 3–801.

### III. Question for the Supreme Court of Georgia

Does Georgia law require a person confined (in a jail or prison) at the time a cause of action arises to file suit within the applicable statutory limitation period or does O.C.G.A. § 9–3–90 (Ga.Code § 3–801) toll the statute of limitations?

The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.