## 39967. TURNER v. EVANS et al.

BELL, Justice.

The United States Court of Appeals for the Eleventh Circuit has certified the following question to this court: "Does Georgia law require a person confined (in a jail or prison) at the time a cause of action arises to file suit within the applicable statutory limitation period or does OCGA § 9-3-90 (Ga. Code § 3-801) toll the statute of limitations?"

Our Court of Appeals has previously addressed this issue in *Maddox v. Hall County,* 162 Ga. App. 371 (1) (291 SE2d 442) (1982). In that case, the court noted that the doctrine of *civiliter mortuus* is not the law of this state and that prisoners thus may sue or be sued. *Dade Coal Co. v. Haslett,* 83 Ga. 549 (1) (10 SE 435) (1889); *Scott v. Scott,* 192 Ga. 370 (1) (15 SE2d 416) (1941). It then held that, even though the reasons for tolling the statute of limitations for persons imprisoned may have disappeared along with that doctrine, the tolling provision of OCGA § 9-3-90 (Code Ann. § 3-801) for prisoners is still valid law, with the authority to repeal it residing solely with the legislature. 162 Ga. App. at 372. We agree with the Georgia Court of Appeals, and therefore hold that OCGA § 9-3-90 (Code Ann. § 3-801) tolls the statute of limitations for persons who are imprisoned.

*Certified question answered. All the Justices concur.*

DECIDED SEPTEMBER 21, 1983 —
REHEARING DENIED OCTOBER 4, 1983.

Kane, McGuire & Salo, Sonja L. Salo, for appellant.
Michael J. Bowers, Attorney General, Daryl A. Robinson, Victoria H. Soto, Assistant Attorneys General, for appellees.