**Howard WILLIAMS, Plaintiff,**

v.

**FULTON COUNTY JAIL, et al., Defendants.**

**No. 82 C 3811.**

United States District Court, N.D. Illinois, E.D.

Dec. 13, 1983.

Howard Williams, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Howard Williams a/k/a Larry Williams ("Williams"), an inmate at the Menard, Illinois Correctional Center, seeks leave to file this pro se civil rights action under 42 U.S.C. § 1983 ("Section 1983") without prepayment of the filing fee. Williams' Complaint alleges claims against various Georgia governmental entities and public offi-cials (collectively "State Defendants") for false arrest, malicious prosecution and unconstitutional conditions of confinement at the Fulton County Jail in Atlanta, Georgia. Williams also asserts a claim against Atlanta attorney Michael Edward Bergin ("Bergin") for refusing to return certain documents Williams had given him to prepare a civil rights complaint that was never filed.

### State Defendants

█ Atlanta police arrested Williams May 17, 1980. Williams remained in the Fulton County Jail from the day of his arrest until the charges against him were dismissed June 11 or 12, 1980. On June 17, 1982 the Clerk docketed Williams' Complaint. Because the applicable statute of limitations period had run at the time Williams submitted his action for filing, he cannot maintain his claim against State Defendants.

█ Section 1983 itself has no self-contained limitations provision. In the absence of any controlling federal statute of limitations, 42 U.S.C. § 1988 ("Section 1988") directs the court to look to statutes of the forum state as the primary reference point in determining the applicable limitations period for a Section 1983 action.[1] *See Board of Regents v. Tomanio,* 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980); *Beard v. Robinson,* 563 F.2d 331, 334 (7th Cir.1977), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). In deciding whether a claim is time-barred, the court must consider not only the limitations period that would control an analogous action brought in a court of the forum state, but also any related state statutes (such as tolling statutes) that affect calculation of the limitation period. *See Johnson v. Railway Express Agency,* 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975).

---

1. Section 1988 literally speaks of "the common law, as modified and changed by the Constitution and statutes of the State wherein the court having jurisdiction of [the Section 1983 action] is held...." Limitations periods are universally defined by statute rather than common law, so it is to such statutes this Court addresses itself.

■ In Illinois the statute of limitations generally applicable to Section 1983 claims is the residual five-year period under Ill. Rev.Stat. ch. 110, § 13–205. *Beard,* 563 F.2d at 338. But as *Johnson* reflects, "generally applicable" is not synonymous with "universally applicable." This Court must also consider the applicability of other limitations provisions, and such a provision is directly on point here in the form of Illinois' "borrowing statute," Ill.Rev.Stat. ch. 110, § 13–210:

> When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state.

■ Subject to a potential exception clearly not relevant here,[2] an applicable borrowing statute causes the forum's own limitations law to give way to the *lex loci. See Cope v. Anderson,* 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947); *Burns v. Union Pacific R.R.,* 564 F.2d 20, 21–22 (8th Cir.1977). Here the applicability of the Illinois borrowing statute is readily ascertainable. It has three conditions, two of which are apparent from the face of the statute:

1. The cause of action must arise outside Illinois.

2. The cause of action must be barred by the law of the state where the cause of action arose.[3]

First, Williams' cause of action plainly arose in Georgia. Second, the limitation applicable to Section 1983 suits heard by federal district courts sitting in Georgia is the two-year period provided by Ga.Code Ann. § 3–1004. *McMillian v. City of Rockmart,* 653 F.2d 907, 910 (5th Cir.1981). Although the fact of Williams' confinement tolled the running of the Georgia statute of limitations as to claims accruing against State Defendants while he was in jail, the tolling period ended when he was discharged from custody June 12, 1980. *See Turner v. Evans,* 251 Ga. 486, 306 S.E.2d 921 (1983), *answering question certified from* 704 F.2d 1212 (11th Cir.1983). Because Williams docketed his complaint with this Court more than two years after his release from jail, his claims against State Defendants are time-barred under Georgia law. Thus the Complaint meets the first two prerequisites of the Illinois borrowing statute.

■ One requirement remains for consideration: As a matter of judicial construction, the Illinois Supreme Court applies the Illinois borrowing statute only to parties who were nonresidents of Illinois when the cause of action accrued. *Miller v. Lockett,* 98 Ill.2d 478, 75 Ill.Dec. 224, 457 N.E.2d 14 (1983), reconfirming the same holding in *Coan v. Cessna Aircraft,* 53 Ill.2d 526, 529, 293 N.E.2d 588, 590 (1973). From the Complaint it appears plain Williams did not reside in Illinois at that time,[4] and there is no question all defendants are nonresidents.

---

**2.** Under Section 1988 a borrowing statute may be ignored if "inconsistent with the Constitution and laws of the United States." Like all borrowing statutes, the Illinois version "was doubtless intended to close the doors of [Illinois] courts to the enforcement of stale claims which could not be enforced in the State where the cause of action arose." *Bemis v. Stanley,* 93 Ill. 230, 233 (1879). This Court finds no conflict between that policy of repose, designed to discourage forum shopping, and the policies of deterrence and compensation embodied in Section 1983. *See Tomanio,* 446 U.S. at 488, 100 S.Ct. at 1797.

**3.** Generally the foreign state's limitations statute is borrowed only if shorter than that of the forum. *See Norman v. Kal,* 550 F.Supp. 736, 738 (N.D.Ill.1982); *Bemis,* 93 Ill. at 233; see generally Comment, *Foreign Statute of Limita-*

*tions: Borrowed Only To Shorten the Period of Limitations of the Forum,* 1962 U.Ill.L.F. 452.

**4.** If this assumption is incorrect, Williams could of course seek reconsideration. But even if Williams could avoid the statute of limitations problem by demonstrating Illinois residency at the time of his arrest and confinement, an alternative ground for denying his motion for leave to file in forma pauperis remains. Williams affirmatively alleges all defendants are residents of Georgia, the state where the allegedly wrongful conduct took place. Because defendants are not alleged to have any connection to Illinois, this case lacks the minimum contacts necessary—in due process terms—for this Court to exercise personal jurisdiction over the nonresident defendants. *See International Shoe Co. v.*

In sum, Illinois' borrowing statute does apply, and Georgia's law of limitations controls Williams' claims against State Defendants. Barred under Georgia's two-year statute of limitations, these claims are "frivolous" within the meaning of 28 U.S.C. § 1915(d).[5]  *See Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir.1981).

### Bergin

 Williams' claim against Bergin is not a federal matter, for state action is an essential element of a Section 1983 suit. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Private counsel like Bergin do not act under color of state law. *Hansen v. Ahlgrimm,* 520 F.2d 768, 770 (7th Cir.1975).

Consequently this Court has no jurisdiction over Williams' charges against Bergin, essentially a claim for legal malpractice. Williams' remedy, if any, lies in the courts of Georgia.

### Conclusion

Williams' Complaint is "frivolous" as a matter of law within the meaning established by *Wartman v. Milwaukee County Court,* 510 F.2d 130, 134 (7th Cir.1975). His motion for leave to file in forma pauperis is denied.

---

*Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). This Court may deny Williams the privilege of proceeding in forma pauperis when lack of personal jurisdiction over the parties is apparent from the face of the Complaint. *See Martin-Trigona v. Acton Corp.,* 712 F.2d 1421, 1424 (D.C.Cir.1983).

5. Williams contends the statute of limitations does not bar his action because he "continues to endure physical, mental and emotional damages." Georgia law provides no predicate for tolling the statute of limitations because of continued suffering.