70809. ACKER v. CITY OF ELBERTON et al.
(336 SE2d 842)

CARLEY, Judge.

Appellant, acting pro se, filed the instant action on January 30, 1985. Appellant's complaint alleged that appellee City of Elberton (City) and two of its former police officers were jointly and severally liable for injuries received "from the officers' wrongful, intentional, malicious, and violent actions" during the arrest of appellant on October 17, 1982. Compensatory and punitive damages were sought. Appellees City and former officer McIntosh were served and both subsequently filed answers and motions to dismiss. The remaining defendant was never served. The trial court conducted a hearing on the motions to dismiss and appellees urged that appellant's action was barred for two reasons: appellant's failure to give the requisite ante litem notice to the City in accordance with OCGA § 36-33-5; and the running of the two-year statute of limitation applicable to actions for injuries to the person. OCGA § 9-3-33. Appellant appeals from the grant of appellees' motions to dismiss.

1. Appellant contends that the trial court improperly conducted the hearing prior to the expiration of 30 days. However, the transcript of the hearing and the record reveal that nothing outside the pleadings was considered so as to convert the motions to dismiss into motions for summary judgment. See *Signal Knitting Mills v. Roozen*, 150 Ga. App. 552, 553 (3) (258 SE2d 261) (1979). Compare *Burry v. DeKalb County*, 165 Ga. App. 246 (299 SE2d 602) (1983). The giving of ante litem notice and the running of the statute of limitation are both issues which may be resolved by a motion to dismiss. See *Jones v. City of Austell*, 166 Ga. App. 808 (305 SE2d 653) (1983); *Addington v. Ohio Southern Express*, 118 Ga. App. 770 (165 SE2d 658) (1968). The trial court did not err in conducting a hearing on appellees' motions to dismiss before 30 days had passed from the time that such motions were filed.

2. Appellant asserts that no ante litem notice was required because his complaint set forth a cause of action under 42 USCA § 1983. Cf. *Davis v. City of Roswell*, 250 Ga. 8 (295 SE2d 317) (1982); *City of Cave Spring v. Mason*, 252 Ga. 3 (310 SE2d 892) (1984). However, in neither his original complaint nor its amendment did appellant invoke the federal statute or allege facts which would support a cause of action under it. "In order to state a claim under 42 USCA § 1983 the plaintiff must allege that the defendant is a person who deprived him of a constitutional right while acting under color of state law or cus-

tom. [Cit.]" *Davis v. City of Roswell*, supra at 9. "We interpret 42 USCA § 1983 to create a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy*, adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right." (Emphasis in original.) *City of Cave Spring v. Mason*, supra at 4.

Instead, it appears that appellant's complaint alleged tort claims based entirely upon state law. As such, appellant's claims were subject to the ante litem notice requirement. See *Shoemaker v. Aldmor Mgt.*, 249 Ga. 430 (291 SE2d 549) (1982); *Webster v. City of East Point*, 164 Ga. App. 605 (294 SE2d 588) (1982). Appellant's complaint contains his concession that he "is without evidence he presented notice to the City. . . ." The trial court did not err in granting the City's motion to dismiss. Compare *Brackett v. City of Atlanta*, 149 Ga. App. 147 (253 SE2d 786) (1979).

Moreover, even if timely ante litem notice had been given, appellant's complaint could not have stated a claim upon which relief could be granted against the City. "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." OCGA § 36-33-3. Appellant's complaint is based solely upon his arrest by the City's officers. "A municipal corporation is not liable for the illegal arrest of a person by its police officers, nor for his consequent imprisonment." *Gray v. Mayor & Council of Griffin*, 111 Ga. 361 (2) (36 SE 792) (1900). Accordingly, since appellant's complaint was based upon state law rather than 42 USCA § 1983, the City's motion to dismiss was correctly granted. See *Thomas v. Williams*, 105 Ga. App. 321, 325 (2) (124 SE2d 409) (1962). Compare *Davis v. City of Roswell*, supra.

3. The applicability of the holding in Division 2 of this opinion does not extend to appellee McIntosh, the former police officer whose arrest of appellant underlies the action. " '[A]n employee who commits a wrongful or tortious act violates a duty he owes to one who is injured and is personally liable, even though his municipal employer may be exempt from liability under the doctrine of governmental immunity.' [Cits.]" *Foster v. Crowder*, 117 Ga. App. 568, 569-570 (161 SE2d 364) (1968). "A municipal corporation is not liable to an action for damages for the illegal arrest of a citizen by one of the police officers of the city. For such arrest the officer is himself liable." *Cook v. Mayor & Council of Macon*, 54 Ga. 468 (1875). See also *Thomas v. Williams*, supra at 326 (3). Thus, the issue as to appellee McIntosh is whether appellant's complaint showed on its face that the two-year statute of limitation had run. *Addington v. Ohio Southern Express*, supra.

As noted previously, appellant's complaint alleged that his tortious arrest took place on October 17, 1982. His complaint was not

filed until January 30, 1985, clearly more than two years after the date of his arrest. However, appellant's complaint also contains the following: "The statute of limitation is suspended from the evening of October 17, 1982 through February 1, 1983 on [appellant's] *incarceration* into the Georgia Regional Hospital at Augusta, his *commitment* November 16, 1982 as a mentally ill person, his release January 12, 1983 but *continued incarceration* at the supportive living home in Athens, Georgia through February 1, 1983. . . ." (Emphasis supplied.) Thus, appellant's complaint purports to account for a tolling period which commenced on the date of his arrest and which terminated on a date less than two years prior to the filing of his suit. The issue is, therefore, whether appellant's allegations regarding the tolling of the statute of limitation were sufficient to withstand a motion to dismiss. See generally *Lowe v. Pue*, 150 Ga. App. 234 (257 SE2d 209) (1979).

Former OCGA § 9-3-90, the applicable statute in the instant case, provided as follows: "Minors, persons who are legally incompetent because of mental retardation or mental illness, or *persons imprisoned*, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." (Emphasis supplied.) It is clear that, under this former statute, "a person imprisoned ha[d] the option of bringing an action while incarcerated or waiting until the period of incarceration end[ed]. If the latter option [was] chosen, the period of limitation [began] to run from the date of release, i.e., the time the 'disability' [was] removed." *Maddox v. Hall County*, 162 Ga. App. 371, 372 (291 SE2d 442) (1982). See also *Turner v. Evans*, 251 Ga. 486 (306 SE2d 921) (1983). Giving appellant's complaint the liberal construction required by our Civil Practice Act, it alleges that appellant was incarcerated at the Georgia Regional Hospital beginning on October 17, 1983, that he was subsequently committed as mentally ill, and that he was thereafter released from the hospital but continued to be incarcerated at the supportive living home until February 1, 1983. Appellee McIntosh contends that, since the hospital and supportive living home are not prisons, the allegations concerning appellant's incarceration therein are not sufficient to invoke the tolling provision of former OCGA § 9-3-90.

Former OCGA § 9-3-90 did not provide for tolling in the case of persons in prison, but for persons *imprisoned*. "Imprisonment is not confined to the act of putting a man in prison; it is a restraint of a man's personal liberty. . . . 'It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion; or it may take place without actual application of any physical agencies of restraint (such as locks or bars), but by verbal compulsion

and the display of available force.' " *Savannah Guano Co. v. Stubbs*, 138 Ga. 409, 411 (75 SE 433) (1912) (construing law of bail-trover). Thus, if appellant was involuntarily confined in the hospital and supportive living home, and this confinement resulted directly from his arrest in that it was an alternative to his otherwise having been placed in prison, it would appear that he was "imprisoned" and the statute of limitation was tolled under the terms of the former statute.

Therefore, we hold that the trial court erred in granting appellee McIntosh's motion to dismiss. Cf. *Lowe v. Pue*, supra. In so holding, we do not intimate that appellee may not yet prevail on the statute of limitation defense. It is possible that appellant was not so physically confined while at the hospital or the supportive living center as to be deemed "imprisoned" therein. If so, those periods would not toll the statute. However, resolution of this issue requires evidence which is not available in the context of a motion to dismiss. For purposes of a motion to dismiss, appellant's "allegation, quoted above, is sufficient, as a matter of pleading, to invoke the tolling of the statute pursuant to [former OCGA § 9-3-90]." *Lowe v. Pue*, supra at 234.

4. The judgment is affirmed as to appellee City and is reversed as to appellee McIntosh.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

Decided October 28, 1985 — ▮▮▮▮▮▮▮▮▮

Harold N. Acker, *pro se.*
*John Stephen Jenkins*, for appellees.