JOSEF JEDZIEROWSKI
*vs.*
MERLE L. JORDAN

Cumberland.  Opinion, July 13, 1961.

*Henry Steinfeld,* for plaintiff.

*Robert W. Donovan,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.  This was an action for false arrest and imprisonment.  On appeal from an order dismissing the complaint, the sole issue is whether or not the action is barred by the applicable statute of limitations.

Defendant police officer arrested the plaintiff without warrant on July 6, 1958.  Imprisonment continued until July 7, 1958 when plaintiff was released upon his own recognizance.  On July 24, 1958 the plaintiff was found not guilty of the charge lodged against him.  The action in the instant case was instituted by plaintiff on July 20, 1960.

In our consideration of the issue before us, we may assume that both the arrest and the subsequent imprisonment were unlawful.

R. S., Chap. 112, Sec. 93 provides in part: "Actions for * * * false imprisonment * * * shall be commenced within 2 years after the cause of action accrues." No contention is made that the words "false imprisonment" as used in the statute do not include false arrest. It has often been held that false arrest is but one means of committing false imprisonment. The word "false" is synonymous with "unlawful." *Burlington Transportation Co.* v. *Josephson* (1946), 153 F. (2nd) 372, 375; *Harrer* v. *Montgomery Ward & Co.* (1950), 124 Mont. 295, 221 P. (2nd) 428, 433; *Hepworth* v. *Covey Bros. Amusement Co.* (1939), 97 Utah 205, 91 P. (2nd) 507, 509; *Alsup* v. *Skaggs Drug Center* (1949), 203 Okla. 525, 223 P. (2nd) 530, 533; *Alter* v. *Paul* (1955), 101 Ohio App. 139, 135 N. E. (2nd) 73, 74.

When did the cause of action accrue? If on July 7, 1958 when the plaintiff was released on his personal recognizance, then this action comes too late. If on July 24, 1958 when as a criminal respondent he was discharged by the court, then obviously this action is not barred by limitations.

In a careful and exhaustive written decision, the learned justice below examined and reviewed all of the cases which have now been brought to our attention. He concluded as do we that the cause of action accrued for purposes of the statutory period of limitations when the plaintiff regained his liberty by release upon recognizance.

The exact issue has not heretofore been presented to this court. In *Therriault, Drapeau* v. *Breton,* 114 Me. 137, involving suits for false imprisonment, the court held that damages would be limited to injuries sustained by plaintiffs to the time of their release by defendant police officers from unlawful arrest.

In *Mobley* v. *Broome* (1958), 248 N. C. 54, 102 S. E. (2nd) 407, the issue was precisely that which is before us in the instant case. The statute of limitations barred an action for false imprisonment after one year. The court said at page 409 of 102 S. E. (2nd):

> "In the case at hand, the plaintiff's right of action for false imprisonment accrued at the time of his unlawful arrest. His cause of action was complete when he was released from custody by the giving of bond, and limitations then began running. His cause of action for false imprisonment was completely barred at the end of one year therefrom, by virtue of (the statute). This is so notwithstanding the criminal prosecution in which the arrest took place continued within the limitations period. The pendency of the criminal prosecution in no wise affected or tolled the running of the statute of limitations."

The same rule was applied in *Belflower* v. *Blackshere* (1955), 281 P. (2nd) (Okla.) 423, and cases cited therein. See also 35 C. J. S. 714, Sec. 49.

*Appeal denied.*