[No. 38144.   Department One.   June 9, 1966.]

CHARLES A. NAVE, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.**

*Charles A. Nave,* pro se.

*A. L. Newbould* and *Charles R. Nelson,* for respondent.

WARD, J.†—The initial incident which gave rise to this action occurred on December 20, 1961, at which time the plaintiff Charles A. Nave was arrested and charged with the violation of a traffic ordinance of the City of Seattle. He was also charged with resisting arrest in violation of another city ordinance. A somewhat detailed recital of the facts resulting in Mr. Nave's arrest are set out in the opinion of this court in *Seattle v. Nave,* 62 Wn.2d 446, 383 P.2d 491 (1963). Mr. Nave was convicted in the City of Seattle Municipal Court on both charges. He appealed to the Superior Court for King County and, on a trial de novo before the court sitting without a jury, was convicted again on both charges. On appeal to this court, however, the judgment and sentence on both charges was reversed and the

*Reported in 415 P.2d 93.

†Judge Ward is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

city's complaint against Mr. Nave was dismissed. The re-
mittitur from the Supreme Court was filed on September
13, 1963.

On December 6, 1963, the plaintiff filed a claim against
the City of Seattle with the city clerk, followed by a supple-
mental claim on December 10, 1963.

On February 10, 1964, plaintiff commenced action seeking
recovery of damages from the City of Seattle in the sum of
$3,355,200, and "additional general damages as due him,
computed at the compounded monthly rate of (10) ten per-
cent on the $3,355,200 for each additional month from De-
cember 20, 1963, till the date of final settlement."

Both Mr. Nave and the City of Seattle filed a demand for
a jury trial and the case was assigned for trial on January
27, 1965. Before trial date, the City of Seattle presented to
the court its motion for summary judgment seeking dis-
missal of the plaintiff's action solely on the contention that
the plaintiff's claim against the city was not filed within 90
days as required by RCW 35.31.010.[1]

The city's motion for summary judgment was granted
and an order and memorandum decision in writing was
filed on January 25, 1965, dismissing the plaintiff's action,
from which this appeal is taken.

It is the plaintiff's contention that his claim for damages
was timely filed. The governing statute requires that a
claim for damages be filed within 90 days "from the date
that the damage occurred or the injury was sustained."
Plaintiff claims that his injury and damage continued up
to the date the remittitur was filed in King County on Sep-
tember 13, 1963, and that the filing of his claims on December
6 and December 10, 1963, was therefore timely.

---

[1] The pertinent portion of Laws of 1957, ch. 224, § 2, in effect
when the motion for summary judgment was heard, follows:

"All claims for damages against any city of the first class must be
filed with the city clerk or other proper officer within ninety days from
the date that the damage occurred or the injury was sustained: *Pro-
vided*, That claims for damages arising from an alleged defective side-
walk must be filed within thirty days from the date the damage occurred
or the injury was sustained."

The plaintiff has asserted several times in his brief and in oral argument that he does not predicate his claim against the city on any theory of malicious prosecution.[2]

If the plaintiff had been able to maintain his action as one for malicious prosecution, the claim against the city would have been timely filed.

> Ordinarily an action for malicious prosecution accrues at, and limitations run from, the time of termination of the proceedings. An action for false imprisonment accrues at, and the statute of limitations runs from, the termination of the imprisonment. 54 C.J.S. *Limitations of Actions* § 175, p. 144.

Neither may he rely on a claim of unlawful arrest and be held timely in the filing of his claim. A case which is factually very similar to the case *sub judici* is *Belflower v. Blackshere*, 281 P.2d 423, 49 A.L.R.2d 917 (Okla. 1955). There, the issue was whether the cause of action accrued when the arrested person was released on bail, or upon the final dismissal of the criminal charges against him. The court concluded that the cause of action accrued on the date of his release on bail. This case is followed by an annotation, 49 A.L.R.2d 922 "When statute of limitations begins to run against action for false imprisonment or false arrest." The rule of the Oklahoma court finds almost unanimous support in jurisdictions which have considered the question.

See, *Mobley v. Broome,* 248 N.C. 54, 102 S.E.2d 407 (1958), and *Jedzierowski v. Jordan,* 157 Me. 352, 172 A.2d 636 (1961), and Annot., 25 A.L.R. 1518.

The plaintiff insists, however, that his claim is based, not primarily upon the illegal arrest of December 20, 1961, but rather upon "misuse of office and/or abuse of process" on the part of the city officials of the City of Seattle. He item-

---

[2]It is stated in plaintiff's brief: "Appellant took particular care that "Malicious Prosecution" not be alleged. Appellant also took particular care not to allege: 'that the proceedings terminated on the merits in favor of the plaintiff.' Appellant did not allege "Malicious Prosecution" for the very reason given in Judge Wright's definition of it as set out in his Memorandum Decision: 'begun in malice without probable cause to believe it can succeed, and finally ends in failure.' "

izes in his brief 15 acts which he claims constitute such abuse of process. This series of acts begins with his unlawful arrest on December 20, 1961, runs the full gamut of the intervening litigation, and concludes with No. 15 "using material in this court which it knew to be false as it asked this court to affirm the conviction that it knew to be wrong." Plaintiff does not set out the date of act No. 15, but we find that the former appeal in *Seattle v. Nave, supra,* was argued in this court on February 5, 1963. The plaintiff concludes, however, that his injury was a "Continuous Accelerating Invasion of His Rights" and that actionable injury was sustained by him up to September 13, 1963. We do not agree.

Even if we should assume that No. 15, above, is an act constituting abuse of process, the plaintiff does not claim any act of injury done to him by the city subsequent to February 5, 1963. Between that date and September 13, 1963, while awaiting the decision of the Supreme Court, the plaintiff no doubt suffered anxiety ranging upward to mental suffering. But mental suffering following injury is not a continuing form of damage which tolls the accruing of a cause of action.

An action for abuse of process has been held to come within the provisions of a statute of limitations applicable to "injuries done to the person." The statute begins to run against such an action from the termination of the *acts* which constitute the abuse complained of. (Italics ours.) 1 Am. Jur. 2d *Abuse of Process* § 24, p. 269.

The cause of action for abuse of process is complete as soon as the acts complained of are committed. The remedy for a malicious use of process, however, is not available until the termination of the original proceedings. 72 C.J.S. *Process* § 124c, p. 1199.

See, also, 72 C.J.S. *Process* § 119, p. 1188; 14 A.L.R.2d 322.

Malicious use of process is essentially the same as an action for malicious prosecution. *Golden Commissary Corp. v. Shipley,* 157 A.2d 810 (D.C. Cir. 1960).

Inasmuch as the plaintiff recites no act of misuse of office and/or abuse of process on the part of any city representative subsequent to February 5, 1963, his filing of claim in December, 1963, was untimely. The trial court was correct

in its determination that plaintiff's claim against the city was not timely filed and in granting dismissal upon motion for summary judgment.

■ The plaintiff claims his right to a jury trial guaranteed in civil actions under U. S. Const. amend. 7, and by Const. art. 1, § 21 were infringed by the summary judgment proceedings.

This exact contention was before the United States Court of Appeals, 7th circuit, in *United States v. Stangland*, 242 F.2d 843 (7th Cir. 1957) and was rejected upon the authority of the decision of the United States Supreme Court in *Fidelity & Deposit Co. of Maryland v. United States*, 187 U.S. 315, 47 L. Ed. 194, 23 Sup. Ct. 120 (1902). This court has adopted the same reasoning in proceedings where there are no issues of facts to be determined by the jury. *In re Brandon v. Webb*, 23 Wn.2d 155, 160 P.2d 529 (1945).

Plaintiff's further assignment of error presents a novel and interesting legal theory. Article 4 § 24 of the Charter of the City of Seattle provides:

No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation.

It is plaintiff's contention that, during such 60-day period, the city had a duty to point out to the claimant any legal defect with respect to the filing of his claim, and that if the 60-day period passes without such affirmative action on the part of the city, it may not thereafter raise the issue of timeliness. The plaintiff does not cite any legal support for this contention and we are unable to find any.

The judgment is affirmed.

ROSELLINI, C. J., HILL, OTT, and HUNTER, JJ., concur.

---

July 28, 1966. Petition for rehearing denied.