Reginald D. STILL,

v.

G. Raymond NICHOLS et al.

Misc. No. 312.

United States Court of Appeals
First Circuit.

June 5, 1969.

Reginald D. Still, pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Complainant Still received a one to four-year sentence in the Maine Superior Court in November 1964. He was released on parole in 1966. A short time later he violated his parole by committing a crime outside of the state, and was incarcerated by federal authorities. When released from such custody in 1968

he was immediately taken as a parole violator by the state of Maine under an order of respondent members of the Parole Board, outstanding since October 1966. He is presently held by the respondent warden beyond his original maximum release date, November 5, 1968, in order to serve out what is regarded as the balance of his sentence by virtue of the second paragraph of Maine Rev.Stat. title 34, § 1675, as amended. This provision became effective shortly before complainant violated parole, but after the imposition of his original sentence. Under its terms, if applicable to him, this custody is proper, since the parole violation warrant, issued in 1966, would "interrupt" the running of his sentence until his return to custody in 1968.*

Still brought habeas corpus proceedings in the state court to test the validity of his incarceration. His appeal from a denial of this petition is sub judice. He also brought the present civil proceedings in the district court, seeking an injunction and declaration that the Maine statute is unconstitutional as applied to him, and claiming damages for violation of his civil rights by unconstitutional arrest and detention under color of state law. 42 U.S.C. §§ 1983, 1985. The district court dismissed for lack of jurisdiction, without giving its reasons.

It is alleged that under Maine law at the time of Still's original sentencing a parole violator could not be held beyond the calendar date of his maximum term even though by virtue of the parolee's presence elsewhere, the state had been delayed in obtaining custody. Complainant contends that the retroactive application of amended section 1675 was a denial of constitutional rights. It is true that a substantial increase in the consequences of parole violation, applied retrospectively, may be an infringement of constitutional rights, and this may mean that the state must look at the law as of the date of sentence, not the date of violation of parole. *Cf.* Greenfield v. Scafati, D. Mass., 1967, 277 F.Supp. 644, aff'd 390 U.S. 713, 88 S.Ct. 1409, 20 L.Ed.2d 250. Without finally determining this issue, we can at least say that Still's basic legal argument does not appear frivolous.

■ Nonetheless, his method of raising this constitutional objection does appear frivolous. The district court was clearly correct in dismissing the request for an injunction and declaration of unconstitutionality. Any other result would fly in the face of the requirement of prior exhaustion of state post-conviction remedies, 28 U.S.C. § 2254. Johnson v. Walker, 5 Cir., 1963, 317 F.2d 418; Duncombe v. New York, S.D.N.Y., 1967, 267 F.Supp. 103, 109; Gaito v. Strauss, W.D.Pa., 1966, 249 F.Supp. 923, aff'd 3 Cir., 368 F.2d 787, cert. denied 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139; Baker v. McGinnis; S.D.N.Y., 1968, 286 F.Supp. 280. It has been held that the same dismissal must be ordered with respect to a claim for money damages. Greene v. New York, S.D.N.Y., 1967, 281 F.Supp. 579; Martin v. Roach, S.D.N.Y., 1968, 280 F.Supp. 480; King v. McGinnis, S.D. N.Y., 1968, 289 F.Supp. 466. *But see* Gaito v. Strauss, W.D.Pa., *supra.* This is not to say that state action must always precede a suit for civil rights. Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. However, a damage action cannot be prosecuted as a guise or method of obtaining release from custody, but must await the complainant's release through other channels.

■■ With this principle we quite agree, with one possible reservation. Assuming that the complainant has a proper damage claim, it would not do that the statute of limitations should be allowed to run thereon. The applicable statute of limitations is the Maine statute. O'Sullivan v. Felix, 1914, 233 U.S.

---

* "Whenever a warrant is issued under this section for the arrest of a parolee, the running of the parolee's sentence shall be interrupted and shall remain interrupted until the parolee is returned to the institution from which he was paroled; such interruption of the running of his sentence shall include any time served prior to such return, after conviction for a crime committed while on parole." Maine Rev. Stat. title 34, § 1675, as amended.

318, 34 S.Ct. 596, 58 L.Ed. 980; Swan v. Board of Higher Education, 2 Cir., 1963, 319 F.2d 56; Hileman v. Knable, 3 Cir., 1968, 391 F.2d 596; Hughes v. Smith, D.N.J., 1967, 264 F.Supp. 767, aff'd 3 Cir., 389 F.2d 42. This statute does not commence to run while complainant continues to be in prison. Maine Rev.Stat. title 14, § 853; Jedzierowski v. Jordon, 1961, 157 Me. 352, 172 A.2d 636. *See also,* Fischer v. Seamen's Church Inst., 1949, 195 Misc. 471, 92 N.Y.S.2d 379. Under these circumstances complainant's rights have not been prejudiced by the court's dismissal for lack of jurisdiction. This is not to say, of course, that he will ever have any valid claim for damages under the civil rights act, in view of such cases as Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. See Note, Limiting the Section 1983 Action in the Wake of Monroe v. Pape, 82 Harv.L. Rev. 1486 (1969). We do not reach that question.

The dismissal of the action for want of jurisdiction is affirmed.