The Attorney General has considered your request for an opinion wherein you ask, in essence, the following question: Are x-ray photographs to be considered "medical records" as that term is used in 76 O.S. 19 [76-19] (19797)? Title 76 O.S. 19 [76-19] (1979) provides in relevant part: "Any person who is or has been a patient of a doctor, hospital or other medical institution shall be entitled to obtain access to the information contained in all his medical records upon request, and shall be furnished copies of all records pertaining to his or her case upon the tender of the expense of such copy or copies. Cost of each copy shall not exceed ten cents ($0.10). Provided that this entitlement to medical records shall not apply to psychiatric records . . . ." The above cited statute gives a former patient two specific rights. First, the statute allows him the right to "obtain access to the information contained in all his medical records . . ." It further gives him the right to be furnished copies upon payment of costs at a rate not to exceed ten cents per copy, "of all records pertaining to his or her case . . ." There is no precise legal definition of the term "medical records." In the absence of such definition, the words used in a statute will be taken in their ordinary, everyday sense, Alfalfa Electric Coop., Inc. v. First National Bank 
Trust Co. of Oklahoma City, 525 P.2d 644 (Okl. 1974). In construing statutes, the cardinal rule of construction is to ascertain and give effect to legislative intention and to first seek that intention in the language of the statutes, In re Conservancy District No. 37 in Lincoln and Oklahoma Counties, 398 P.2d 525 (Okl. 1964). The statute here in question grants a patient access to the information contained in all his "medical records." The obvious purpose of the statute is to grant a patient the right to inspect all the information relating to his case in the possession of the physician, hospital, or other health care institution. Disallowing access to x-ray photographs would deprive a patient of access to some (perhaps crucial) information, and would defeat the purpose of the statute. Accordingly, the term "medical records" as used in 76 O.S. 19 [76-19] (1979) includes x-ray photographs. This ruling necessarily raises the question of whether the physician, hospital, or other medical institution must provided a copy of the x-ray photograph pursuant to the statute. In this context we note that the express language of the statute provides that ". . . he shall be furnished copies of all records pertaining to his or her case upon the tender of the expense of such copy or copies . . ." (Emphasis added). The Legislature in this phrase did not use the term "medical records" as used in the prior phase. Generally, nothing which is not within the manifest intention of the Legislature as gathered from the statute itself may be read into the statute, and the statute should not be construed more broadly than its terms require, American First Title Trust Co. v. First Federal Savings and Loan Assoc. of Coffeyville, Kan.,415 P.2d 93t) (Okl. 1965). The term "records" usually is defined as referring to writings. Black's Law Dictionary defines "record" as "A written account of some act, transaction, or instrument . . . A memorandum public or private, of what has been done . . ." Webster's New International Dictionary defines record as ". . . That which is written or transcribed to perpetuate knowledge of acts or events . . ." The term "records" in its ordinary sense refers to writings, memoranda, and documents; in the context of the statute here in question it should be accorded the same meaning. Therefore, while an x-ray photograph is included in the term "medical records" as used in 79 O.S. 19 [79-19] (1979), it is not within the scope of the term "records" as used later in that statute regarding entitlement to copies on payment of costs therefor. This is underscored by the 1979 Amendment to the act which limits the cost per copy to ten cents, a cost frequently associated with a photocopy. While x-ray photographs are reproducible, they do not photocopy. Given the common meaning of the term "records" and the limitation in cost per copy to ten cents, the legislative intent expressed in 79 O.S. 19 [79-19] (1979) that patients be provided copies of their records does not include x-ray photographs in the term "records" as used therein. It is, therefore, the official opinion of the Attorney General that x-ray photographs are included within the term "medical records" as that term is used in 76 O.S. 19 [76-19] (1979) and are, therefore, subject to inspection by the patient; such x-ray photographs are not, however, included in the term "records" as used in the act relating to the furnishing of copies of records relating to a patient's case. (JOHN GREGORY THOMAS) (ksg)