IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN L. CORRIGAN, Sr., | ) | No. 36244-2-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRANT COUNTY, a municipal | ) | UNPUBLISHED OPINION |
| Corporation; D. ANGUS LEE; PATRICK | ) | |
| SCHAFF; JANIS WHITENER- | ) | |
| MOBERG; BRIAN D. BARLOW; JOHN | ) | |
| A. ANTOSZ, and TIMOTHY KRON, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, C.J. — John Corrigan appeals the trial court's CR 12(b)(6)

order dismissing his amended complaint. Because the trial court considered matters

outside the pleadings, we review the trial court's order as if it were a CR 56 order

granting summary judgment. Applying that standard, we affirm.

FACTS

In April 2011, John Corrigan sped by Trooper Timothy Kron on Interstate 90.

Trooper Kron activated his emergency lights and followed Corrigan for eight miles until

another trooper joined. At that point, Corrigan pulled over. Corrigan was cited for

speeding and failing to stop for a police officer. The speeding ticket was dismissed, but Corrigan was convicted for failing to stop. The conviction was later overturned by the superior court and dismissed without prejudice.

On March 25, 2013, Corrigan brought a 42 U.S.C. § 1983 suit in federal court against Trooper Kron, Grant County, and others, alleging violations of Corrigan's civil rights, malicious prosecution, and negligence stemming from his earlier arrest and prosecution.

On July 3, 2013, Grant County refiled charges against Corrigan for failing to stop. Corrigan was reconvicted of that charge.

On December 10, 2013, the federal court granted the defendants' motion for summary judgment dismissing all of Corrigan's claims. Corrigan appealed to the Ninth Circuit, but the Ninth Circuit denied it, finding the appeal "so insubstantial as to not warrant further review." Clerk's Papers (CP) at 174.

On September 15, 2016, Corrigan brought suit in Kittitas County Superior Court against Grant County, various Grant County employees, and Trooper Kron. In that suit, he asserted a 42 U.S.C. § 1983 claim, and claims for abuse of process, malicious prosecution, and negligence. The case was removed to federal court.

Trooper Kron brought a FED. R. CIV. P. 56 motion for summary judgment dismissal. The federal court granted that motion, and Trooper Kron was no longer a party to that action.

Grant County and its employees brought a FED. R. CIV. P. 12(b)(6) motion to dismiss. The federal court dismissed Corrigan's suit against Grant County and its employees. Somewhat contradictorily, it also afforded Corrigan leave to amend his complaint.

Corrigan filed an amended complaint, which asserted only State law claims. Although Trooper Kron was no longer a party to that action, Corrigan informally e-mailed Trooper Kron the amended complaint instead of formally serving him. Corrigan's amended complaint alleged: (1) negligence by Grant County and the prosecutor's office, (2) abuse of process against Grant County for the recharge and retrial after Corrigan's conviction was overturned and after he filed a § 1983 action, (3) a fair trial violation against Grant County and Judge Whitener-Moberg, and, (4) malicious prosecution against Grant County and Trooper Kron. Corrigan moved to remand the case, and the federal court remanded it back to Kittitas County Superior Court.

On April 23, 2018, Grant County moved to dismiss Corrigan's amended complaint pursuant to CR 12(b)(6). Among many other arguments, Grant County argued that Corrigan's claims were outside the three-year statute of limitations.

Trooper Kron also filed a motion to dismiss pursuant to CR 12(b)(6). Among many other arguments, Trooper Kron argued insufficient service of process under CR 12(b)(5).

The trial court agreed with the defendants' many arguments and granted their motions for dismissal. Corrigan timely appealed to this court.

ANALYSIS

A.    ADEQUATE RECORD

Corrigan contends statements from various parties, including the trial court, are missing from the verbatim report of proceedings. He argues this error requires reversal. We disagree.

As explained below, we review the trial court's rulings de novo. This means we review the same documents that the trial court considered. The trial court's questions and the parties' answers during argument of their motions are irrelevant to our review. Because we review only the written record, we are satisfied the record is sufficient for our review.

B.      STANDARD OF REVIEW

CR 12(c) provides in relevant part:

> If, on a motion for judgment on the pleadings, matters outside the pleadings
> are presented to and not excluded by the court, the motion shall be treated
> as one for summary judgment and disposed of as provided in rule 56 . . . .

Because the trial court considered matters outside Corrigan's amended complaint, we review the trial court's order under CR 56.

On review of a summary judgment order, we engage in the same inquiry as the trial court. *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 165 Wn.2d 679, 685, 202 P.3d 924 (2009). All facts and reasonable inferences are considered in a light most favorable to the nonmoving party. *Berger v. Sonneland*, 144 Wn.2d 91, 102-03, 26 P.3d 257 (2001). Summary judgment is appropriate only when there are no disputed issues of material fact and the prevailing party is entitled to judgment as a matter of law. CR 56(c).

C.      GRANT COUNTY'S MOTION TO DISMISS

Corrigan contends the trial court erred by granting Grant County's motion to dismiss on his claims of malicious prosecution, abuse of process, negligence, and his causes of action against the various judges. We disagree.

### 1. *Malicious prosecution*

A plaintiff asserting malicious prosecution must establish various elements, including that the proceedings terminated on the merits in favor of the plaintiff. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 558, 852 P.2d 295 (1993). Here, Corrigan was reconvicted of failure to stop. He cannot establish that the proceedings terminated on the merits in his favor. The trial court did not err in dismissing this claim.

### 2. *Abuse of process and negligence: Statute of limitations*

A plaintiff asserting abuse of process or negligence must bring suit within three years of when the cause of action accrued. *See* RCW 4.16.080(2); *see also Nave v. City of Seattle*, 68 Wn.2d 721, 724, 415 P.2d 93 (1966) (abuse of process); *Washington v. Boeing Co.*, 105 Wn. App. 1, 17, 19 P.3d 1041 (2000) (negligence). Generally, a cause of action accrues when the party has the right to apply to a court for relief. *Deegan v. Windermere Real Estate Center-Isle, Inc.*, 197 Wn. App. 875, 892, 391 P.3d 582 (2017). A party has the right to apply to a court for relief when the party can establish each element of the action. *Shepard v. Holmes*, 185 Wn. App. 730, 739, 345 P.3d 786 (2014).

Here, Corrigan's claims for abuse of process and negligence centered around Grant County's and its employees' decision to refile criminal charges against him. If refiling the charges was wrongful, this is when Corrigan had a right to apply for judicial

6

relief. The criminal charges were refiled on July 3, 2013. Corrigan's September 15, 2016 original complaint was, therefore, outside the three-year limitation period. Even if his amended complaint related back to the filing of his original complaint, it too was late.

Corrigan argues that his September 2016 complaint was timely because he was *convicted* in November 2013. But being convicted of a crime is not an element of abuse of process or negligence, and is thus irrelevant to when he had a right to apply for judicial relief. We conclude that his conviction date is not when his abuse of process and negligence claims began to accrue.

### 3. *Judicial immunity*

"Under common law, judges are absolutely immune from suits in tort that arise from acts performed within their judicial capacity." *Lallas v. Skagit County*, 167 Wn.2d 861, 864, 225 P.3d 910 (2009). "[J]udicial immunity applies to judges only when they are acting in a judicial capacity and with color of jurisdiction." *Id.* at 865.

Here, Corrigan's claims against the various judges all occurred while they were acting within their judicial capacity. Therefore, judicial immunity extends to their actions, and Corrigan's claims fail.

D.    TROOPER KRON'S MOTION TO DISMISS

Corrigan contends the trial court erred by finding Trooper Kron was not properly

served and, thus, was not a party to the action.  We disagree.

Whether service was proper is a question of law that this court reviews de novo.

*Goettemoeller v. Twist*, 161 Wn. App. 103, 107, 253 P.3d 405 (2011).  Under FED. R.

CIV. P. 4(e)(1)-(2), service must occur: (1) on the individual personally, (2) on the

individual's dwelling or usual place of abode with someone of suitable age who resides

there, (3) on the individual's agent authorized by law to receive process, or (4) any

method allowed by state law in the state where the district court is located or where

service is made.  Under Washington law, service must occur through: (1) personal

service, (2) on the individual's usual place of abode with a person of suitable age who

resides there, (3) on the individual's usual place of abode with a person of suitable age

who resides there, a proprietor, or an agent, and then mailing a copy by first class mail to

the person at their usual mailing address, (4) by publication when the defendant cannot be

found, or (5) by certified mail when the court determines it is just as likely to give actual

notice.  *See* CR 4(d); RCW 4.28.080(16), (17); RCW 4.28.100.

Here, Corrigan does not assert that he served Trooper Kron in compliance with any

of the aforementioned ways.  He merely asserts that electronic service of his amended

complaint on Trooper Kron was sufficient. We disagree. Electronic service is not permitted under federal or state law. The trial court properly dismissed Corrigan's claims against Trooper Kron for insufficient service of process.[1]

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.        Pennell, J.

---

[1] Because of our disposition of these arguments, we need not address the various other bases for which we might affirm the trial court's dismissal of Grant County, its employees, and Trooper Kron.