NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENE ALFRED PALMER II, | No.    22-35214 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00961-LK |
| v. | |
| TIENNEY MILNOR, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Submitted October 4, 2023[**]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Gene Palmer, proceeding pro se, appeals the district court's dismissal of his

second amended complaint ("SAC") alleging that Defendants[1] violated his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Defendants include individuals and entities associated with Laborers' International Union of North America Local 292, a union to

constitutional rights under 42 U.S.C. § 1983 and various provisions of Washington state law by continuing efforts to collect on debt that Palmer believes was discharged in bankruptcy proceedings. In relevant part, Palmer also appeals the district court's decisions: (1) declining to vacate his state court criminal conviction; (2) declining to enforce a judgment in his bankruptcy proceedings; (3) denying Palmer's motion for a restraining order against certain Defendants; and (4) granting State Defendants' emergency motion prohibiting Palmer from contacting certain employees. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

1. The district court properly dismissed Palmer's § 1983 and state-law claims as time barred. *See Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019) ("We review de novo the district court's dismissal based on the statute of limitations."). Washington law establishes a three-year statute of limitations for negligence, intentional infliction of emotional distress, malicious prosecution, fraud, and constitutional claims brought under § 1983. *See* Wash. Rev. Code § 4.16.080(2), (4) (personal injury, fraud claims); *Boston v. Kitsap County*, 852 F.3d 1182, 1185 (9th Cir. 2017) (explaining that Wash. Rev. Code § 4.16.080(2)

---

which Palmer used to belong; individuals and entities associated with Snohomish County; and individuals and entities associated with the state of Washington ("State Defendants"). Unless otherwise specified, these groups are referred to collectively as "Defendants."

[2] Because the parties are familiar with the facts, we recite them here only as necessary to resolve the appeal.

extends to 42 U.S.C. § 1983 claims); *Nave v. City of Seattle*, 415 P.2d 93, 95 (Wash. 1966) (same for malicious prosecution). Washington law also provides that defamation claims are subject to a two-year limitations period, Wash. Rev. Code. § 4.16.100(1), and Public Records Act violations are subject to a one-year limitations period, *id.* § 42.56.550(6).

From the face of the SAC and judicially noticeable state court records, the latest possible date on which Palmer could have learned of Defendants' allegedly unlawful conduct was in 2015, when the Washington Court of Appeals affirmed his conviction, more than three years before he filed this lawsuit in 2019.[3] And though given two opportunities to amend his complaint, Palmer's SAC does not clearly allege any facts within the limitations period or adequately explain why the limitations period should be tolled.[4] Accordingly, the district court properly

---

[3] Contrary to Palmer's claim, nothing in *Lemos v. County of Sonoma*, 40 F.4th 1002 (9th Cir. 2022) (en banc), or *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), automatically resets the statute of limitations on his § 1983 claims. *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1200 (9th Cir. 2020) (statute of limitations resets only after a state court vacates the underlying conviction).

[4] To the extent Palmer alleges ongoing misconduct related to his bankruptcy proceedings, those allegations are not clear on the face of the SAC. And for the first time on appeal, Palmer argues that the statute of limitations should be tolled because of his various medical conditions. But even putting forfeiture of this claim to the side, Palmer does not explain why his conditions prevented him from bringing a complaint within the limitations period. *See* Wash. Rev. Code § 4.16.190 (statutes of limitation tolled by reason of incapacity only where plaintiff

dismissed Palmer's § 1983 and state-law claims as time barred and did not abuse its discretion in denying further leave to amend. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (district court has broad discretion to deny leave to amend where Plaintiff has already had an opportunity to amend).

2. The district court correctly determined that it lacked jurisdiction to vacate Palmer's state criminal conviction or enforce a judgment in his bankruptcy proceedings. *See Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017) ("We review a dismissal for lack of subject matter jurisdiction *de novo*."). Under *Rooker-Feldman* doctrine, federal courts may not directly review a state court criminal conviction. *See Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003). This is true even when, as here, "the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment." *Doe v. Mann*, 415 F.3d 1038, 1042 & n.6 (9th Cir. 2005) (citation omitted).[5] And unless the judgments of a bankruptcy court are specifically appealed, the bankruptcy court retains jurisdiction to enforce them. *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007).

---

is "incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings").

[5] Although Palmer is correct that *Rooker-Feldman* does permit federal court review of alleged "legal injur[ies] caused by an adverse party" in state court proceedings, *Noel*, 341 F.3d at 1163, Palmer has not alleged any misconduct on the part of Defendants that would have prevented him from making his jurisdictional arguments in state court.

3. The district court did not err in denying Palmer's request for a restraining order against Defendants because he failed to specify which Defendants he sought protection from or allege specific facts to support a restraining order. *See Aargon Agency, Inc. v. O'Laughlin*, 70 F.4th 1224, 1230 (9th Cir. 2023) (district court does not abuse its discretion in denying injunctive relief, including a restraining order, where applicant fails to allege facts sufficient to show likelihood of success on the merits).

4. The district court did not err in granting the State Defendants' emergency motion, directing Palmer to "not contact any individually-named defendant about the present case without permission from those defendants' counsel." District courts possess the inherent power to impose sanctions for bad faith conduct and the State Defendants' motion was supported by allegations that Palmer directly threatened certain individually named Defendants. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

**AFFIRMED.**[6]

---

[6] Palmer's motion to refer this case to mediation, **Dkt. 46**, is **DENIED** as moot.