**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUNG DANG,

                Plaintiff-Appellant,

v.

KIMBERLY MOORE, M.D.; MARK
ADAMS, M.D., Former Chief Medical
Officer for FHS; KETUL PATEL, Chief
Executive Officer for FHS;
FRANCISCAN HEALTH SYSTEM, A
healthcare public benefit nonprofit
corporation; ANN CLARK; MARK
JOHNSON, MQAC member; WILLIAM
M. BRUEGGEMANN, MQAC member;
RICK J. GLEIN, MQAC staff attorney;
ROMAN S. DIXON, Jr., Adminstrative
health law judge; DEBRA L. DEFREYN,
Assistant Attorney General; CHRISTINA
L. PFLUGER, Assistant Attorney General;
TIMOTHY H. SLAVIN, MQAC
Investigator,

                Defendants-Appellees.

No.   23-35505

D.C. No. 3:21-cv-05544-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Robert J. Bryan, District Judge, Presiding

Submitted January 23, 2025[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Hung Dang appeals pro se from the district court's judgment in his action alleging discrimination, federal civil rights violations, and related Washington claims against a number of defendants involved in the Washington Medical Commission's (Commission) disciplinary investigation of him and its resulting disciplinary order (Disciplinary Order). We review de novo and may affirm on any ground fairly supported by the record. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004); *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). We affirm.

A. The district court did not err in entering summary judgment in favor of the State Defendants.[1] Dang's 42 U.S.C. § 1983 constitutional claims arising

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The State Defendants are Defendants Johnson, Brueggeman, Glein, Slavin, Dixon, Defreyn, and Pfluger.

Dang also made claims against Defendant Johnson in his official capacity. Summary judgment on those claims was also appropriate, inter alia, for the same reasons as judgment on the claims against the State Defendants.

from the disciplinary investigation and Disciplinary Order accrued,[2] at the latest, by the time Dang received the original Disciplinary Order. We reject Dang's argument that those § 1983 claims are based on a continuing violation: on the contrary, the operative alleged illegal acts occurred in connection with the disciplinary investigation and the issuance of the Disciplinary Order. *See RK Ventures*, 307 F.3d at 1059–60; *see also Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002). We also reject Dang's arguments that he is entitled to toll the statute of limitations. *Cf. In re Carter*, 263 P.3d 1241, 1247 (Wash. 2011) (equitable tolling); *Sea-Pac Co., Inc. v. United Food & Comm. Workers Loc. Union 44*, 699 P.2d 217, 220 (Wash. 1985) (elements of abuse of process); *Nave v. City of Seattle*, 415 P.2d 93, 95 (Wash. 1966) (abuse of process tolling). Most of Dang's § 1983 constitutional claims were thus untimely[3] because he did not file this action until July 29, 2021.

Dang's remaining § 1983 constitutional claims[4] are premised upon his contention that the Disciplinary Order, as amended, was invalid or unlawful. But

---

[2] *See Flynt v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1059–60 (9th Cir. 2002); *see also Olsen*, 363 F.3d at 927.

[3] *See RK Ventures, Inc.*, 307 F.3d at 1058; Wash. Rev. Code. § 4.16.080(2).

[4] That is, those concerning actions by certain State Defendants after the Disciplinary Order was issued.

the validity of that order was conclusively established by the final judgment in the Judicial Review Action[5] Dang had brought in Washington State court. *See Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 96 P.3d 957, 960–61 (Wash. 2004). Dang cannot now relitigate the issue of the Disciplinary Order's validity. *See id.*; *Scholz v. Wash. State Patrol*, 416 P.3d 1261, 1267–68 (Wash. Ct. App. 2018).

Assuming (without deciding) that Dang properly pled a timely § 1983 claim against the State Defendants premised upon his § 1981 hostile work environment and constructive discharge claims,[6] he nevertheless failed to establish a genuine dispute of material fact that the State Defendants' conduct was "sufficiently severe or pervasive" as to create a hostile work environment. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

With regard to Dang's conspiracy claims against the State Defendants, Dang did not adequately allege the requisite meeting of the minds to establish a

---

[5] *Dang v. Wash. State Dep't of Health*, 450 P.3d 1189, 1192, 1197, 1202 (Wash. Ct. App. 2019), *denying review*, 458 P.3d 781, 781–82 (Wash. 2020), *cert. denied*, __ U.S. __, __, 141 S. Ct. 371, 371, 208 L. Ed. 2d 94 (2020); *see also* Wash. Rev. Code § 34.05.510; *Yakima County v. E. Wash. Growth Mgmt. Hearings Bd.*, 279 P.3d 434, 443 (Wash. Ct. App. 2012).

[6] *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047, 1048 n.8 (9th Cir. 2023) (en banc); *see also Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107–08, (9th Cir. 1998).

conspiracy for his § 1983 claim,[7] let alone adduce evidence raising a genuine dispute of material fact[8] that such an agreement was reached. And because there is no triable issue of material fact that the State Defendants committed any § 1983 violation, Dang's § 1985(3) claim against them necessarily fails. *Olsen*, 363 F.3d at 930.

The State Defendants are entitled to statutory immunity on Dang's Washington State law claims. *See Hiesterman v. Dep't of Health*, 524 P.3d 693, 699 (Wash. Ct. App. 2022); *Janaszak v. Washington*, 297 P.3d 723, 731–32 (Wash. Ct. App. 2013); *see also* Wash. Rev. Code § 18.130.300(1).

B.      We also affirm the district court's dismissal with prejudice of Dang's claims against Defendants Moore, Adams, Patel, and Clark (the Private Defendants). The district court correctly concluded that the § 1983 conspiracy claims against the Private Defendants were untimely because they accrued, at the latest, by the time Dang received the original Disciplinary Order. We reject Dang's argument that accrual of those claims was deferred by the conduct of Defendants Defreyn and Pfluger in connection with Dang's Judicial Review

---

[7] *See Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680–81, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553–54, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).

[8] *See Olsen*, 363 F.3d at 922.

5

Action.  Dang's complaint contains no allegations plausibly suggesting the Private Defendants had a meeting of the minds with Defreyn, Pfluger, or any of the State Defendants to violate Dang's constitutional rights.  *See Iqbal*, 556 U.S. at 680–81, 129 S. Ct. at 1951; *Bell Atl. Corp.*, 550 U.S.at 553–54, 127 S. Ct. at 1964.  In light of Dang's failure to plead a § 1983 claim against the Private Defendants, he necessarily failed to plead a § 1985(3) claim against them.  *Olsen*, 363 F.3d at 930; *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181–82 (9th Cir. 1989).

With regard to Dang's § 1981 hostile work environment and constructive discharge claims, Dang failed to plead facts plausibly suggesting that the Private Defendants were motivated by race, let alone that their conduct was sufficiently severe or pervasive.  *See Iqbal*, 556 U.S. at 677–84, 686–87, 129 S. Ct. at 1949–52, 1954; *cf. Johnson*, 534 F.3d at 1122–23.  Dang neither challenged that determination on appeal nor has he argued how he would or could amend his complaint to correct those deficiencies.  *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam); *see also Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000).

Dang's Washington constitutional claims against the Private Defendants fail because there is no private right of action.  *Janaszak*, 279 P.3d at 723–24; *see also Reid v. Pierce County*, 961 P.2d 333, 342–43 (Wash. 1998).  His Washington Law

6

Against Discrimination[9] claims are untimely because, like most of his § 1983 claims against the State Defendants, they accrued at the latest by the time Dang received the Commission's Disciplinary Order, and Dang is not entitled to tolling. *See Antonius v. King County*, 103 P.3d 729, 732 (Wash. 2004). Dang's Washington Administrative Procedure Act claims fail because they are untimely. *See* Wash. Rev. Code §§ 34.05.510, 34.05.542(3); *see also Yakima County*, 279 P.3d at 443. Dang's Washington Consumer Protection Act claim was properly dismissed because the Private Defendants are entitled to immunity under Washington law. *See* Wash. Rev. Code §§ 4.24.250(1), 18.130.070(3).

C.     In light of the dismissal with prejudice of Dang's claims against the Private Defendants, the district court also properly dismissed the claims against Franciscan Health System. *Cf. Meyer v. Holley*, 537 U.S. 280, 285, 123 S. Ct. 824, 829, 154 L. Ed. 2d 753 (2003) (traditional vicarious liability rules).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett*, 587 F.3d at 985 & n.2.

**AFFIRMED.**

---

[9] *See* Wash. Rev. Code § 49.60.030(1)(a).