# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALBERT WHITNEY COBURN,<br><br>    Appellant,<br><br>  v.<br><br>THE STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, CHILD PROTECTION SERVICES, a state government and its division and agency,<br><br>    Respondents. | No. 86808-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Albert Coburn appeals the trial court's order granting summary judgment and dismissing his complaint against the Department of Children, Youth, and Families (DCYF). Because all of Coburn's claims were barred by the statute of limitations, we affirm.

I

In 2016, Coburn was engaged in contentious dissolution proceedings with Lara Seefeldt. Coburn and Seefeldt had one child together, E.C. Coburn and Seefeldt were referred to Family Court Services for a parenting evaluation to be considered for the final parenting plan. During one of the evaluations, a therapist noticed bruising on E.C.

and reported it to Child Protection Services (CPS). After the report to CPS, Seefeldt and Coburn signed an agreement to participate in a family assessment response (FAR).[1] CPS closed its investigation in October 2017 after determining the complaints were unfounded. Coburn and Seefeldt ultimately settled the parenting plan through mediation in March 2018.

Coburn moved to modify the final parenting plan in 2022. Coburn also moved for arbitration and a judicial finding of custodial interference and contempt by Seefeldt. The family law court denied Coburn's motions. The court awarded attorney fees to Seefeldt after finding that Coburn's motion for contempt and custodial interference were filed in bad faith. Coburn appealed, and this court affirmed and awarded attorney fees to Seefeldt.

On October 15, 2023, Coburn sued DCYF asserting claims of negligence, defamation, outrage, alienation of affection, tortious inference with parental rights, abuse of process, gender discrimination, and constitutional violations. Other than the claim for abuse of process, all of Coburn's claims were based on a negligence theory. Coburn alleged that DCYF was negligent in how it handled the report of suspected child abuse in 2016 and 2017—before the final parenting plan was signed.

The trial court granted DCYF's motion for summary judgment and dismissed Coburn's claims as outside the applicable statute of limitations.

Coburn appeals.

---

[1] FAR is created by statute and is an alternative to a traditional investigation. See RCW 26.44.030(14).

II

We review summary judgment orders de novo, considering the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). The statute of limitations is an affirmative defense. Haslund v. City of Seattle, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976). Summary judgment based on a statute of limitations should be granted only when the record demonstrates there is no genuine issue of material fact as to when the statutory period began. CR 56(c); Olson v. Siverling, 52 Wn. App. 221, 224, 758 P.2d 991 (1988).

Each of the claims brought by Coburn is subject to a three-year statute of limitations. Personal injury claims based on negligence must be brought within three years. RCW 4.16.080. Similarly, an abuse of process claims falls within the statute of limitations applicable to personal injury, and the statute of limitations begins to run from the termination of the acts constituting the abuse of complained of. Nave v. City of Seattle, 68 Wn.2d 721, 724, 415 P.2d 93 (1966). The statutory period for statute of limitations purposes commences when the plaintiff knew or should have known all of the essential elements of the cause. Green v. A.P.C.,136 Wn.2d 87, 95, 960 P.2d 912 (1998).

Coburn's complaint asserts that the allegation that he pushed E.C. to the ground was not sufficiently investigated by DCYF. The investigation and FAR took place in 2017 and the final parenting plan was signed in 2018. The basis of Coburn's complaint arises out of the events that surrounded the initial investigation before the final parenting plan was entered. Accordingly, Coburn was aware of any alleged negligence

by DCYF when the final parenting plan was entered in March 2018. As a result, he was required to bring his lawsuit no later than March 2021.

Coburn argues that the statute of limitations does not exist when the State is committing a "continuous wrong" of restricting a parent. But Coburn fails to provide controlling authority to support his argument. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by citation to authority will not be considered).[2]

For these reasons, there is no genuine dispute of material fact for when the statutory period commenced, and the trial court did not err in granting summary judgment and dismissing Coburn's complaint.

We affirm.

_____
Mann, J.

WE CONCUR:

_____          _____
Chung, J.                                Coburn, J.

---

[2] To the extent that Coburn's brief addresses arguments by E.C. herself, including that it is unreasonable to impose a statute of limitations on a child, is not properly before this court. E.C. is not a named plaintiff in his complaint and is not a party to this lawsuit.